## Dowe *vs.* Schutt and another.

Where cross notes are made and specifically exchanged by the makers, each note is the proper debt of the maker thereof, and each holder is a purchaser for value. *Per* Beardsley, J.

And if such notes are transferred at a discount beyond the legal rate of interest, the makers cannot set up usury against the endorsees. *Per* Beardsley, J.

Where one made a note for the accommodation of the payee, *who gave the maker security that it should be paid when due*, and then transferred it at a greater discount than the legal rate; *held* that such note had no inception until such transfer, and that it was void for usury.

*Held also*, that the maker could set up the defence of usury, although the payee when he transferred the note had represented to the holder that it was business paper.

And where upon such transfer the payee informed the holder that it was business paper, and guarantied the payment of it, and the maker after it fell due took it up and gave his note directly to the holder; *held* that such second note was usurious.

But the payee, in a suit upon the guaranty, could not set up usury. *Per* Beardsley, J.

And if the maker had purchased of the holder his claim on the guaranty against the payee, a note given as the consideration of such purchase would not have been usurious. *Per* Beardsley, J.

Assumpsit on a promissory note, tried at the Tompkins circuit in August, 1844, before Monell, late C. Judge. The note declared on was made by the defendants, dated April 16, 1841, for $253, 84, and was payable to the plaintiff or bearear in six months from date. with interest.

The defence was usury. In January, 1840, the defendants gave their note to one Southard or bearer for $250, payable in one year, with interest, which he transferred to the plaintiff with his guaranty endorsed on it, at a large discount beyond the legal rate of interest. It was not paid up when it fell due, but the note in suit was afterwards given for the balance due upon it, in order to take it up. Evidence was given to show that before the defendants gave the first note to Southard he agreed to turn out to them his books of account on which several hundred dollars were due, to *secure* the payment of that note; but they were never in fact turned out. The plaintiff gave evidence to show that when Southard transferred the first note to him, he represented it to be a business note.

The judge charged the jury, that if Southard *sold* and transferred, or agreed to *sell* and transfer his books and accounts to the defendants *as a consideration* for the first note given by them, it was a business note valid in Southard's hands, and that the plaintiff in that case would be entitled to recover, although he had discounted it at an usurious rate of interest; but if Southard only agreed to assign the books and accounts *as security*, then the note was accommodation and not business paper, and if it was transferred at a discount beyond the legal rate of interest, the plaintiff could not recover. The plaintiff's counsel excepted to the last proposition of the charge. He requested the judge to charge, that even though the note were accommodation paper, if it was sold by Southard to the plaintiff as business paper and represented by him to be such, and was purchased as such by the plaintiff at an usurious rate, upon the faith of such representation, then the guaranty of Southard was a valid contract, and the defendants by executing the note in suit and taking up Southard's guaranty became liable to the plaintiff to the extent of Southard's liability, that is, for the amount advanced by the plaintiff on purchasing the first note. The judge declined to charge as requested, but on the contrary instructed the jury that upon the facts assumed the defendants would not be liable. The jury found a verdict for the defendants, and the plaintiff moved for a new trial on a case.

*E. Sandford & G. D. Beers*, for the plaintiff. 1. Where negotiable paper is made and delivered to a party who makes an express agreement to indemnify the maker, this gives the paper a legal inception, and it is thenceforward business paper. (*Cameron* v. *Chappell*, 24 *Wend.* 94; *Rose* v. *Sims*, 1 *Barn. & Ad.* 521.) 2. A party representing paper which he offers to transfer to be business paper, cannot set up usury against the purchaser of it at a discount. (*Holmes* v. *Williams*, 10 *Paige*, 326.) The guaranty of Southard was therefore a valid contract not infected with usury. The purchase or extinguishment of that guaranty was the consideration of the note now sought to be recovered. The note therefore is free from usury, being given for a demand of which usury could not be predicated.

*J. A. Spencer*, for the defendants, was stopped by the court.

*By the Court*, BEARDSLEY, J. There was no error in the charge of the judge. If the first note had been given in consideration of a sale and transfer, or an agreement to sell and transfer, to the defendants, debts then due to Southard, it would have been business and not accommodation paper in his hands. It would have been but the common case of a note given on the purchase of property by the makers, and which, as between them and the seller, they would be bound to pay. Where cross notes are made, and specifically exchanged by the makers, each note is the proper debt of the maker thereof, and each holder is a purchaser for value. As the note is a debt due to the holder, and his property, he may sell it on such terms and at such price as he pleases. It is strictly business paper, and although discounted on usurious terms, that cannot affect its validity as respects the maker. (*Cameron* v. *Chappell*, 24 *Wend.* 94, *and authorities referred to ; Chitty on Bills*, 10*th Am. ed.* 708.) In such cases the relation of principal and surety does not exist; and it is plain that a promise to indemnify the maker would not be implied. But where a note is made by one person for the benefit of another, a promise to indemnify the maker exists, for in every case of suretiship such a promise is implied

by law where none has been expressly made. An accommoda-
tion note is invalid in the hands of the person for whose benefit
it was made, and if discounted for him at an usurious rate, it is
equally invalid in the hands of the person who thus receives it.
The legal attributes of accommodation paper are not changed
by a promise, performed or unperformed, to give security for its
payment by the person for whose benefit it was made. It is
still but accommodation paper. The person for whom it was
made cannot collect it. As to him, the maker is but a surety,
and if the note is transferred on usurious terms, it is void in the
hands of the person who thus receives it. These principles are
too plain to require a reference to authority for their support.
Upon this part of the case therefore, as indeed throughout, the
charge was unobjectionable.

But although the first note may have been unavailable in the
hands of Southard, having been made for his accommodation,
still, if he represented it to be business paper, and it was pur-
chased by the plaintiff as such, relying upon the truth of that
representation, then although the purchase may have been at
an usurious rate, yet as between the plaintiff and Southard,
there would be no usury, and the latter would be bound by his
guaranty that the note should be paid. This, however, would
not change the character of the note: it would, notwithstanding
the false representation of Southard, be, as to the makers, usu-
rious and void. (*Holmes* v. *Williams*, 10 *Paige*, 326 ; *Dix* v.
*Van Wyck*, 2 *Hill*, 522.) And the note in suit having been
given by the makers, for a part of the first note remaining un-
paid, and in substitution for their liability on that note, is equally
invalid with the first. Had these defendants gone to the plain-
tiff, and agreed to purchase of him, his claim upon Southard,
which was then a valid debt to the extent of the money advanced,
and had the note in suit been given upon such a purchase, it
might have been obligatory within the principle of the case of
*Holmes* v. *Williams*. But there is not a scintilla of evidence,
nor the slightest reason to believe, that this note was given upon
any such arrangement or on any such consideration. The guar-
anty of Southard was not thought of by either party, and the

note was a mere renewal of the former invalid security. The second note, therefore, as well as the first, was as between these parties void.

New trial denied