## Cobb vs. Titus.

V. gave his note, for $110, to T. in exchange for T's note of the same date and amount. The exchange was made to enable the payees respectively to raise money. T. applied to the plaintiff to purchase V.'s note, who agreed to do so if T. would indorse it and procure the defendant to indorse or sign it, as security. T. thereupon procured the defendant to sign the note as " security," and he indorsed it, and the plaintiff purchased the same for $95. In an action against the defendant, together with V. and T., as the makers and indorser of the note, the referee found, as a matter of fact, that the transaction was in good faith a sale of the note to the plaintiff, by T., and that it was not a device and cover for usury; *Held* that the agreement was in effect the transfer of the several note of V., and the giving, by the defendant, of his several note to secure its payment; and that the defendant being liable not for the whole amount specified in the note, but only for the sum actually advanced by the plaintiff, his obligation was free from the taint of usury.

Cobb v. Titus.

In such cases, where the contract is, upon its face, for the payment by the surety of the whole amount secured to be paid by the instrument negotiated, the court will go behind the contract, and receive evidence of the consideration, in order to limit the recovery to the amount actually paid as a consideration for the undertaking, and thus to uphold the transaction.

No matter what form the transaction may assume, or in what way the party may bind himself, if the obligation is assumed upon the transfer of an instrument valid at the time of the transfer, in the hands of the assignee, the liability is limited to the amount actually paid.

THIS action was brought against the defendant Orrin W. Titus, together with Francis P. Viele and Robert Titus, as the makers and indorser of a promisory note. Viele suffered judgment by default, and judgment passed in favor of the indorser Robert Titus, and against the defendant as one of the makers, upon the report of a referee. The defendant appealed from the judgment against him to this court.

*J. Ruger*, for the plaintiff.

*L. R. Morgan*, for the defendant.

*By the Court*, W. F. ALLEN, J. The action was brought upon a promissory note in the words following: "For value received I promise to pay Robert Titus or bearer one hundred and ten dollars at the Onondaga County Bank by the first day of September next with use.          FRANCIS P. VIELE.

O. W. TITUS, security."

Indorsed "Robert Titus."

The note was given by Viele to Robert Titus in exchange for his note of the same date and amount, and the exchange was made to enable the payees respectively to raise money. The payee of this note applied to the plaintiff to purchase the same, who agreed to do so if he would indorse it, and procure the defendant O. W. Titus to indorse or sign it as security. Robert Titus thereupon procured the defendant to sign, and he indorsed the note, and the plaintiff became the purchaser thereof for ninety-five dollars. The defendant insists that the note had no valid inception, as against him, until the transfer thereof to

Cobb *v.* Titus.

the plaintiff, and that the transaction is usurious, and his undertaking void. The referee reported in favor of the plaintiff, against the defendant, for the amount actually advanced, with interest, deducting prior payments. The plaintiff took judgment against Viele, who did not defend, for the whole amount of the note, and against the defendant O. W. Titus for the amount reported by the referee ; and the latter has appealed from the judgment against him.

The referee has found that the transaction was in good faith a sale of the note of Viele by Robert Titus to the plaintiff, and that it was not a device and cover for usury. The only question is therefore whether the undertaking and agreement of the defendant was, under the circumstances established, *per se* usurious and void. The note of Viele, given in exchange for the note of Robert Titus, was given upon a valid consideration and was an available instrument in the hands of the latter, and a purchase of it at a discount would not have been usurious. The purchaser would have held it as a valid security for the full amount, against the maker. (*Rice* v. *Mather,* 3 *Wend.* 62. *Dowe* v. *Schutt,* 2 *Denio,* 621. *Powell* v. *Waters,* 8 *Cowen,* 669. *Cameron* v. *Chappell,* 24 *Wend.* 94.) An indorsement or guaranty of the absolute payment of the note by the makers, at maturity, would not convert the sale of the note into a loan of money upon the security of the note, and render the transaction usurious. In such case the indorser or guarantor would only be liable for the amount actually paid for the note, with interest thereon. (*Munn* v. *The Commission Company,* 15 *John. Rep.* 44. *Braman* v. *Hess,* 13 *Id.* 52. *Rapelye* v. *Anderson,* 4 *Hill,* 472. *Brown* v. *Mott,* 7 *John.* 361.. *Cram* v. *Hendricks,* 7 *Wend.* 569. *Mazuzan* v. *Mead,* 21 *Id.* 285.) In the cases cited the courts have gone behind the contracts of the parties, and have received evidence of the consideration of the agreement, in order to limit the liability of the contracting parties and uphold the transaction. The contract in each of the cases was upon its face for the payment by the indorser, guarantor, or surety, of the whole amount secured to be paid by the instrument negotiated, but the courts

held that the recovery should nevertheless be limited to the amount actually paid as a consideration for the undertaking; thus to some extent varying the terms of the contracts. Some of these cases have not been entirely satisfactory to the profession, but they have been decided by the court of last resort, and are obligatory upon all inferior tribunals.

Applying the principles upon which these decisions proceed, to this case, the obligation of the defendant must, under the finding of the referee upon the question of fact, be held to be free from the taint of usury. The note is in form the joint and several promissory note of the defendant and Viele; and the makers might have been sued jointly or severally thereon. (*Story on Promissory Notes*, § 57.) The plaintiff has by his proceedings in this action elected to proceed against the defendant as a several maker. Whether the proceedings have been entirely regular it is not important to decide, as no objection is made to the practice adopted. As before said the referee has found that the transaction was in good faith a sale of the note of Viele, and that the undertaking of the defendant was collateral to that of Viele. Had he indorsed the note at the request of Robert Titus, under these circumstances, his indorsement would have been valid. So, had he signed an agreement by which he had guarantied the payment of the note at maturity, it would not have been usurious, but would have been a valid agreement, to the amount paid for the note, with interest thereon. (*Mazuzan* v. *Mead, supra.*) The fact that he was a surety for the seller of the note, and that the consideration of the transfer and of his undertaking was paid to another and not to himself, would not affect his liability. (*Rapelye* v. *Anderson*, 4 *Hill*, 472.) In the case cited the assignor of a bond and mortgage for an amount less than the sum secured to be paid therein gave a bond with surety in a penalty double the amount of the bond and mortgage, conditioned for the payment by the mortgagor, of the whole amount thereof; and this was held to be a valid obligation and the obligors liable thereon, but only to the amount actually advanced for the bond and mortgage. If in that case it was proper, notwithstanding the form of the obligation, to go

Cobb *v.* Titus.

behind the instrument and ascertain the consideration, with a view to limit the liability of the obligors and uphold the transaction, it must be proper to do so in the case of a simple contract. In this case the defendant instead of indorsing the note as in *Cram* v. *Hendricks, or* guaranteeing the payment thereof, either by his simple contract as in *Mazuzan* v. *Mead,* or by his bond, as in *Rapelye* v. *Anderson,* has signed his name as "security" to the note of Viele, and thus become a joint and several maker thereof and apparently liable for the amount specified therein, but really liable, within the cases, only for the amount actually advanced by the plaintiff. This was the extent of his liability; and if so, all pretense of usury vanishes. The note is none the less the several note of Viele, and valid as such, because the defendant has subscribed his name to it as surety, and thus become collaterally liable for its payment. A difficulty might arise in treating it as a joint note, but that is obviated in this case. It was in effect the transfer of the several note of Viele and the giving, by the defendant, of his several note to secure its payment. And of such a transaction usury cannot be predicated. No matter what form the transaction may assume, or in what way the party may bind himself, if the obligation is assumed upon the transfer of an instrument valid at the time of the transfer, in the hands of the assignee, the liability is limited to the amount actually paid, if the cases referred to are to be regarded as law. (*And see Mumford* v. *Am. Life Ins. and Trust Co.* 4 *Comst.* 463.) If they are to be reviewed and reversed, or limited in their application, it must be done by a higher tribunal.

The judgment must be affirmed.

[OSWEGO GENERAL TERM, April 5, 1852.   *W. F. Allen, Hubbard* and *Pratt,* Justices.