By the Couet.
Hoffman, J.
On the 14th of July, 1851, the defendant, Loomis, drew a bill upon the defendant, Sisson, to his own order, payable at the Bank of Poughkeepsie, on the 2d of August then ensuing, without grace, for the sum of $2,000. Loomis endorsed and transferred the same to J. J. Stewart & Co., who transferred the same, by endorsement, to the plaintiffs. The bill was accepted by Sisson, and, upon presentment for payment, was dishonored, and due notice given to Loomis.
The complaint, after stating these facts, proceeds to allege, that on or about the 5th of August, 1851, the defendants, or one of them, came to the plaintiffs, and represented that they were not then able to pay the bill, but promised that if the plaintiffs would extend the time, they would pay the same in full, to which the plaintiffs acceded; and thereupon the defendants drew and accepted their other bill of exchange for the said sum of $2,000, dated the skid 5th of August, 1851, and payable on the first of September next ensuing, at the bank of Poughkeepsie, to the order of the defendant, Loomis, and which was endorsed by him to the plaintiffs; that such bill was presented for payment, but *415 the defendant, Sisson, did not pay it, of which refusal Loomis had notice.
They aver that they are holders of the said hills, and demand judgment for $2,001.50 principal, and expense of protest, with interest from the 4th of September.
The answer sets up, that the bill of exchange, therein mentioned, was made by Loomis, and accepted by. Sisson, for the purpose of obtaining a loan of money for the use of Loomis, without any funds in Sisson’s hands for the payment thereof, and without any consideration paid to Sisson for his acceptance; that the said bill was transferred to, or placed in the hands of J. J. Stewart & Co., as the agents of Loomis, to procure a loan of money thereon for him; that the plaintiffs agreed with said agents to loan upon such bill the sum of $2,000, “ for which loan it was then and there agreed by and between the plaintiffs and the said agents, that the plaintiffs should receive the sum of twenty dollars interest for the loan of said money for fifteen days.” That the said agreement was carried into effect by payment of the twenty dollars, contrary to the statute, &c.
It may be noticed that the bill had nineteen days to run from its date.
On the pleadings, then, there is an issue raised of usury in the note or bill, plainly meaning the first bill; and as the answer omits entirely to meet the allegation as to the second bill, that allegation must be taken as true, and the question will be whether on the assumption of its truth, coupled with the other facts proven, it would constitute a defence.
The witness Canfield, of the firm of J. J. Stewart & Co., proves the Usury as alleged in the answer. Sisson proves that the acceptance was purely for Loomis’s accommodation; and Loomis, called on behalf of Sisson, proves the same thing.
That this bill had no legal inception until it was delivered by Canfield, of the firm of Stewart & Co., as the agents of Loomis, to the plaintiffs, seems clear. (Dour v. Schutt, 2 Denio, 621; Hall v. Wilson, 16 Barbour, 548; Holmes v. Williams, 10 Paige, 326.) The counsel of the respondents insists, that what took place in the negotiation for the loan was equivalent to a representation that the bill was business paper. If this were so, the plaintiffs might be entitled to recover against Loomis, who re *416 ceived the money. This is established by the cases, and is well argued by Vice-Chancellor Gridley in Holmes v. Williams, and is briefly and explicitly stated by Chancellor Walworth upon the appeal. While, however, as in the present case, the borrower is silent, and the lender makes no inquiry, and it turns out to be accommodation paper then first receiving vitality, the defence will be allowed.
2d. As to the second bill, whether the version given in the complaint, or that by the defendant Loomis on his examination, be accurate, seems immaterial. It was at the best a substituted security or renewal taken by the' parties to the usury in the first note, and extending the period of payment a few days. The case of Powell v. Waters, (8 Cowen, 690;) Puthill v. Davis, (20 John. Rep. 286;) and Holmes v. Williams, (ut supra,) appear to be decisive of this question.
As there then appears to be error in the charge of the Judge, there must be a new trial, with costs to abide the event.