By the Court. Bosworth, J.
The bill, of the 14th of July, 1851, had no legal inception, before it was transferred to the plaintiffs.
The purchase, or a discount of it, on a deduction, from its amount, of a sum, which exceeded the legal interest on the money advanced, for the time the bill had to run, made the transaction usurious, and the bill void in the plaintiffs’ hands. (Arby v. Rapelye and others, 1 Hill, 9; Williams v. Storms, 2d Duer, 52; Dowe v. Schult, et al., 2 Denio, 621; Powell v. Waters, 8 Cowen, 669.) We consider this rule to have been uniformly acted upon, judicially, for too long a period, to leave us at liberty to treat it as an open question.
Interest, to the maturity of the bill, on the sum paid for it, and the amount of exchange, at one half of one per cent., and such sums, added together, are less, by some dollars, than the face of the bill. There can be no pretence, that it was the understanding, or intent of the parties, that only legal interest, and exchange, at the current rate,' should be deducted, and that too much discount was taken, by an error in computation,' and unintentionally.
The bill, of the 5th of August, 1851, was delivered to, and received by the plaintiffs, as collateral to that of the 14th of July. The plaintiffs refused to receive the former, except for collection. If paid, the proceeds were to be applied to the latter bill.
The bill of the 5th of August was not accepted, as a substitute, for that of the 14th of July. Having no consideration, to support it, except such as arises from forbearing the payment of the bill *476 of the 14th of July for thirty days, and having been given to the plaintiffs, the parties who discounted that usuriously, to secure the payment of that bill, it is also void, on the plaintiffs’ hands. (Tuthill v. Davis, 20 J. R. 285; Dowe v. Schult, 2d Denio, 621; Mitchell v. Ostrem, 2 Hill, 520.)
The fact that the bill contains the words, “ value received,” does not make the mere offering of such a bill for sale or discount, a representation, by Sisson or Loomis, that it was actually accepted for value, received by the acceptor, which will preclude, or estop, either of them from proving the contrary to be true, as against a party who discounted it usuriously, without any inquiry into the consideration on which it was founded. It is not essential that a bill or note should contain such words, but such has been their common form from their earliest use. Treating such words as a representation that the actual truth is such as they import, and giving to them the effect of an estoppel, would virtually operate as a repeal of the statute against usury.
If the possession of the bill by Canfield, and the endorsement of his firm’s name upon it, was evidence that Canfield’s firm then owned it, there could be no pretence that the plaintiffs supposed him authorized, as the agent of Loomis or Sisson, to make any representation concerning its business character, nor could such a representation, if made by him, affect them. (Dowe v. Schult, et al., 2 Denio, 621.) But he did not, in fact, make any such representation.
The plaintiffs are not entitled to recover on either note. The complaint was properly dismissed, and the defendants are entitled to judgment.