## CHAMBERLAIN *vs.* TOWNSEND.

Where the maker of a promissory note annexes thereto a certificate that the same is given for value, and will be paid when due, and the note is afterwards sold to a third person, for an amount less than should have been paid for it if discounted at legal interest, the maker is estopped by the certificate, from setting up the defense of usury.

APPEAL from a judgment entered upon the report of a referee.

INGRAHAM, J. The defendant made two notes to his own order, and delivered them to Holley, for the purpose of taking up other notes of the defendant then past due. To each note he annexed a certificate that the same was given for value, and would be paid when due. On this certificate the note was sold to the plaintiff for an amount less than should have been paid for it if discounted at legal interest, and the only question is, whether the defendant is estopped from setting up the defense of usury, in consequence of the certificate.

It has been repeatedly held, and must be considered as the settled law of this court until otherwise decided by the court of appeals, that the doctrine of estoppel applies to one who represents a note which he is about to sell to be business paper when in fact it is not, so as to preclude him from setting up the defense of usury. (*Holmes* v. *Williams*, 10 *Paige*, 326. *Watson's Ex'rs* v. *McLaren*, 19 *Wend.* 557. *Dowe* v. *Schutt*, 2 *Denio*, 621. *Clark* v. *Sisson*, 4 *Duer*, 408. *Truscott* v. *Davis*, 4 *Barb.* 495.)

The only difference between this case and those above referred to is, that the defendant represented these notes to have been given for value. I see no difference between that representation and one that the paper is business paper. Each conveys the same idea, viz : that the notes have been parted with for a sufficient consideration to give them validity, and each representation is intended for the same purpose, viz. to induce a purchaser to take the notes without fear of the defense of usury.

In the present case no one but the defendant, who is both maker and indorser, is affected by the application of this rule, and there is no hardship or injustice in saying to him that he cannot deny now, what he represented the note to have been when the plaintiff was induced to purchase it. A contrary rule would hold out to men a temptation to deceive others by falsehood and then allow them to take advantage of such falsehood to escape the liability so incurred.

The findings of the referee are conclusive as to the facts, and there was no error in the law as applied to them.

The report of the referee, and the judgment entered thereon, should be affirmed with costs.

[NEW YORK SPECIAL TERM March 1, 1858.   Ingraham, Justice.]