## CHAMBERLAIN *a.* TOWNSEND.

*Supreme Court, First District ; General Term, June, 1858.*

PROMISSORY NOTE.—USURY ESTOPPEL.

The maker of a promissory note, drawn payable to his own order, who annexed to the note his certificate that it was given for value, and would be paid when due, is estopped from setting up the defence of usury as against one who purchased the note on the faith of the certificate, at a discount greater than legal interest.

Appeal from a judgment entered on the report of a referee.

The facts are stated in the opinion.

BY THE COURT.—INGRAHAM, J.—The defendant made two notes to his own order, and delivered them to Holley for the purpose of taking up other notes of the defendant then past due.

To each note he annexed a certificate that the same was given for value, and would be paid, when due.

On this certificate the note was sold to the plaintiff for an amount less than should have been paid for it, if discounted at legal rate, and the only question is, whether the defendant is estopped from setting up the defence of usury in consequence of the certificate.

It has been repeatedly held, and must be considered as the settled law of this court until otherwise settled by the Court of Appeals, that the doctrine of estoppel applies to one who represents a note, which he is about to sell, to be business paper, when in fact it was not, so as to preclude him from setting up the defence of usury. (Holmes *a.* Williams, 10 *Paige*, 326; Watson *a.* McLaren, 19 *Wend.*, 557 ; Dowe *a.* Schatt, 2 *Den.*, 621 ; Clark *a.* Ishon, 4 *Duer*, 408 ; Frescott *a.* Davis, 4 *Barb.*, 495.)

The only difference between this case and those above referred to is, that the defendant represented these notes to have been given for value. I see no difference between that representation and one that the paper was business paper. Each conveyed the same idea, viz., that they had been parted with for a suffi-

cient consideration to give them validity; and each was intended for the same purpose, viz., to induce a purchaser to take them without fear of the defence of usury.

In the present case, no one but the defendant, who is both maker and indorser, is affected by the application of this rule, and there is no hardship or injustice in saying to him, that he cannot deny now what he represented the note to have been when the plaintiff was induced to purchase it. ' A contrary rule would hold out to men a temptation to deceive others by false-hood, and then take advantage of such falsehood to escape the liability so incurred.

The findings of the referee are conclusive as to the facts, and there was no error in the law as applied to them.

Judgment should be affirmed, with costs.