## THE MECHANICS' BANK OF THE CITY OF BROOKLYN *vs.* TOWNSEND.

A certificate, given by the maker of a promissory note, at the time of executing such note, and annexed thereto, in which he states that the note is given for value and will be paid when due, will estop the party giving it from falsifying his own statements, and prevent his setting up the defense of usury against a holder who has discounted the note on the faith of the certificate, giving full value, under circumstances free from suspicion, and without any design to evade the statute.

THIS action was brought against the defendant as maker and indorser of two promissory notes made to his own order. The defendant alleged in his answer that the notes were made and indorsed by him and given to one Holley, a broker, to raise money upon; that Holley procured a loan from R. Sedgwick, upon the same, of $700, (the notes amounting to the sum of $1200,) at the usurious rate of two per cent per month; that no other consideration was ever paid by Sedgwick for either of said notes. On the trial of the cause

the defendant proved that the notes in suit were made by him and given to Holley, a broker, to get discounted; that Holley borrowed of R. Sedgwick, on the two notes, the sum of $700, at the rate of two per cent a month for the same, as long as he (Holley) had the money, and as security for such loan, transferred the said notes to Sedgwick. The plaintiffs then offered in evidence the certificates of the defendant, one of which was attached to each of said notes; each being in the following words and figures:

"New York, 16th February, 1856.

This is to certify that a note made by me this day for $600, to my own order, payable in three months from this date, was given for value received, and will be paid when due.

(Signed)        S. P. TOWNSEND."

as an estoppel, estopping the defendant from availing himself of the usury proven by the witness Holley. The defendant's counsel objected to said certificates being received as evidence of such estoppel, on the ground that the same were not proven to be in the handwriting of the defendant, and that neither of said papers was delivered by the defendant to the plaintiffs, or intended by him so to be delivered; and further, that the plaintiffs had not shown or attempted to show that the notes were discounted by the plaintiffs, upon the faith of the statements contained in said certificates; and on the further ground, that the said certificates constituted no bar to the defense of usury, and were in no sense an estoppel. All of which objections were overruled by the court, and the evidence received. The jury found a verdict for the plaintiffs for $1319.19; and from the judgment entered upon their verdict, at special term, the defendant appealed.

*Taggard & Pinkney,* for the appellants. I. The certificates ought not to have been received in evidence as an estoppel, because the same were not proven to be in the handwriting of the defendant: The witness called by the plaintiffs to prove the same, merely testifying that he believed the certifi-

cate to be signed by the defendant, although by his testimony as to the signature of the notes, he admitted that he had sufficient knowledge of the signature of the defendant to testify positively to the same: Therefore his testimony as to the signature on the certificate was uncertain and insufficient to prove the same to be in the handwriting of the defendant.

II. There was no proof that either of the certificates was delivered by the defendant, or intended by him to be delivered, to the plaintiffs.

III. The plaintiffs had not attempted to show that they relied on the statements contained in the certificates. The president of the bank, who was called by the defendant, swears that he cannot say whether the bank discounted the paper upon the statements contained in the certificates or not. In order to conclude a party by an estoppel, it must appear that the party seeking to avail himself of the estoppel, has acted upon the admissions or statement. (*Wallace* v. *Truesdell*, 6 *Pick.* 445.) The plaintiffs do not show that they relied or acted upon the certificates. (*Truscott* v. *Davis*, (4 *Barb.* 495.) The fact that the note was accompanied by the certificate was sufficient to cast suspicion upon the same, and to suggest to the party to whom the same was offered that the note was tainted with usury or some other legal defense, and it therefore became the duty of the purchaser to inquire or attempt to inquire of the maker as to the facts of the case. In any case in which the indorsee takes the paper upon circumstances which might reasonably put the *holder* upon inquiry, and create suspicion that it was not good, he takes it at his peril. (*Ayer* v. *Hutchins*, 4 *Mass. Rep.* 370. *Napier* v. *Elam*, 6 *Yerger*, 108, 387.) This principal is of *general application*, and not confined to notes overdue. (3 *Barn. & Cress.* 466. 1 *Carr. & Payne*, 261. 13 *La. Rep.* 213, 216.)

IV. The statements contained in the certificates constituted no bar to the defense of usury, and were in no sense an estoppel. They are mere repetitions of the language and meaning of the notes, and contained no representations that the notes

were business notes, or that the defendant had ever received the face of the same, less the legal discount; neither do they contain any representations or warranty whatever of the character of the notes, or the objects for which they were given, but a mere statement which would be true if the defendant had received but one dollar thereon; and estoppels being odious in the eyes of the law, (1 *Term Rep.* 604,) it is submitted that no forced construction can be given to the language contained in the certificates. "Every estoppel," says Lord Coke, "because it concludeth a man to allege the truth, must be certain to every intent and purpose and not to be taken by argument or inference." (*Co. Litt.* 352.) The words "value received" we find in almost every note to which the defense of usury has been pleaded, and in every such case ought to estop the defendant from claiming the advantage of the statute, as the words "value received" contained in a note might with much more force and reason be held to be an estoppel; for a note being negotiable, all the promises and statements therein contained are held to be made to any and every party who may become the lawful owner of the note, while the certificates in question are mere statements to the party to whom they were originally given, or to whom the negotiation for a loan on the notes was first made, there being no proof that the defendant intended they should be used for any other purpose. (*Miller* v. *Gaston,* 2 *Hill,* 188, *and cases there cited and commented on as to negotiability of papers annexed to notes.*)

V. There can be no estoppel to the defense of usury. The notes never had any legal inception until they were transferred to Sedgwick as security for the usurious loan, and are therefore void by statute the moment the fact showing usury appears. (*Powell* v. *Waters,* 8 *Cowen,* 669.) The defendant cannot by any declarations be prevented from taking advantage of the statute. A legal inception cannot be given to the note against the statute rendering the same void, by a mere declaration or admission of the defendant. (*Ruckman* v.

*Pitcher,* 1 *Comst.* 392.) To allow a mere declaration or admission to give validity to a note or instrument where the statute makes the absolute promise of the party void, although made upon the receipt by him of a valuable consideration, it is necessary first to repeal the statute against usury. (2 *R. S.* p. 182, § 5, *art.* 14.)

VI. No cause of action can arise in favor of a party to an illegal contract; nor will the law lend its aid to enforce a contract or obligation which is in conflict with the terms of the statute. (*Ruckman* v. *Bryan,* 3 *Denio,* 343.)

*Jared Sparks,* for the respondent. I. The evidence of John B. Borst, one of the defendants, shows that he paid full value for the notes, to wit, $800 in cash, and a barouche carriage worth $400. The respondents (plaintiffs) discounted the notes in the usual way, at the rate of 7 per cent per annum.

II. The certificates attached to the notes were properly admitted in evidence. The signature of the appellant to the certificates was sufficiently proven. The witness Wining swears positively to the signature of the defendant on the notes, and that to the best of his belief the certificates attached are in the handwriting of, and signed by, the defendant. This is all the law requires. (*Johnson* v. *Daverne,* 19 *John.* 134. *Greenl. Ev.* 8th ed. 721, *sec.* 576 *et seq. and cases there cited.*)

III. The certificates being attached to the notes at the time of their transfer to Borst and to the plaintiffs, the law presumes they were made for that purpose. If they were not made by the defendant to accompany the notes, it was his duty to show it.

IV. The plaintiffs were not required to prove that they discounted the notes upon the faith of the statements contained in the certificates, any more than the holder of a note is compelled to show that he discounted it on the faith of the names of the indorsers. The certificates formed a part of the notes, and the law infers that the plaintiffs relied upon the contents

of the certificates, as well as upon the belief of the genuineness of the notes, in the absence of proof to the contrary.

V. The statements contained in the certificates barred the defense of usury, and were an estoppel. The defendant is bound by the certificates, and cannot defeat his liability by denying the legality of the contract. He warrants the title and genuineness of the notes. (*Edwards on Bills and Prom. Notes*, 289, 290. *Chamberlain* v. *Townsend*, 26 *Barb.* 611, and cases there cited.)

VI. The certificates annexed to the notes have the same legal effect as if the defendant had informed the plaintiffs that the notes were business paper, and would be paid when due. The defendant is concluded from denying his own acts, after the plaintiffs were influenced by them, in discounting the notes. (*The Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 483. *Tilton* v. *Nelson*, 27 *Barb.* 600. *Dezell* v. *Odell*, 3 *Hill*, 221. *Clark* v. *Sisson*, 4 *Duer*, 408.)

VII. Usury could not be shown under the pleadings ; although the court granted the defendant leave to amend, the answer was not amended. It was only resworn to. When usury is set up as a defense, the party must allege the facts specifically, and prove them exactly as stated in the answer. The answer alleges that the defendant believes the notes were sold at a discount of from two and a half per cent to four per cent a month. This allegation is too general. No proof was offered by the defendant to show the usury alleged in the answer. (*Catlin* v. *Gunter*, 1 *Duer*, 253. *Curtis* v. *Masten*, 11 *Paige*, 16. *Vroom* v. *Ditmas*, 4 *id.* 526, 533. *Rowe* v. *Phillips*, 2 *Sandf. Ch.* 14.)

VIII. The question of usury was passed upon by the jury, and it being one of fact, the verdict will not be disturbed by the court.

*By the Court,* ROOSEVELT, J. The defendant Townsend is sued as maker, on two promissory notes. His defense is, that the notes were issued by him on a usurious consideration, and

are therefore void even in the hands of a bona fide holder who may have discounted them at the lawful rate of seven per cent. To meet this objection, the plaintiffs, on the trial, introduced in evidence two certificates signed by the defendant, and which the jury in effect have found to have been given by him to accompany the notes, and to have been designed to represent that the notes were valid, (when in fact and to his knowledge they were invalid,) so that subsequent parties should take the notes on the faith of the certificates. It should be added, too, that the verdict in effect establishes the further fact that the plaintiffs discounted the notes on the faith of the certificates, giving full value, under circumstance free from suspicion, and without any design on their part to evade the statute, and without reason for suspecting such design in others.

Such a certificate, acted on in good faith, it has been repeatedly held, operates to estop the party giving it from falsifying his own statements. No man, as against an innocent person, can take advantage of his own fraud. So far from being, in such case, a defense, the fraud would itself, if any loss were sustained, be a positive cause of action entitling the injured party to equivalent damages. (*See the cases of Holmes v. Williams,* 10 *Paige,* 326; *Watson's Ex'rs v. McLaren,* 19 *Wend.* 557; *Dowe* v. *Schutt,* 2 *Denio,* 621; *Clark* v. *Sisson,* 4 *Duer,* 408; *Truscott* v. *Davis,* 4 *Barb.* 495.)

All these cases are cited by Mr. Justice Ingraham at special term, in a decision against the same defendant, reported recently in 26 *Barb.* 611.

Much stress is laid, by counsel, on the peculiar form of these certificates. They merely declare that the notes—and such, it is said, is the purport of the notes themselves—" were given for value received, and will be paid when due." If nothing further was meant by the certificates, why attach them to the notes? The act would have been a childish ceremony. We must infer that it meant something. The jury have found, in effect, and we think correctly found, that the defendant meant to convey the idea not only that some value, but that full le-

gal value, had been received, and that the promise to pay was not merely an optional promise, but one which could be legally enforced. In other words, the object of the certificate, as is said by Judge Ingraham, was " to induce a purchaser to take the notes without fear of the defense of usury." And it is not competent to the defendant now to argue that the terms selected were ingeniously contrived as a trap to catch the unwary.

Judgment appealed from affirmed with costs.

[NEW YORK GENERAL TERM, May 2, 1859. *Roosevelt, Ingraham* and *Pratt,* Justices.]