## SUPREME COURT.

### THE MECHANICS' BANK OF BROOKLYN agt. S. P. TOWNSEND.

Where the maker of a promissory note makes a *certificate* that it " was given for value received, and will be paid when due," and the note is issued at a usurious consideration, and on the strength of the certificate a third party, for value, discounts the note, the maker will be estopped by his certificate from interposing the defence that the note was given without value and issued at a usurious consideration. (*This agrees with Chamberlain agt. Townsend,* 26 *Barb.* 611. *The defendant, by certifying to a falsehood twice instead of once, takes the case out of the statute.*—REP.)

New - York General Term, September, 1859.
APPEAL from a judgment in favor of the plaintiffs.

By the court—ROOSEVELT, Justice. The defendant, Townsend, is sued as maker, on two promissory notes. His defence is, that the notes were issued by him on a usurious consideration, and are, therefore, void, even in the hands of a *bona fide* holder, who may have discounted them at the lawful rate of seven per cent.

To meet this objection, the plaintiffs, on the trial, introduced in evidence two certificates signed by the defendant, and which the jury, in effect, have found to have been given by him to accompany the notes, and to have been designed to represent that the notes were valid (when, in fact, and to his knowledge they were invalid), so that subsequent parties should take the notes on the faith of the certificates. It should be added, too, that the verdict, in effect, establishes the further fact that the plaintiffs discounted the notes on the faith of the certificates, giving full value under circumstances free from suspicion, and without any design on their part to evade the statute, and without reason for suspecting such design in others.

Such a certificate, acted on in good faith, it has been repeat-

The Mechanics' Bank of Brooklyn agt. Townsend.

èdly held, operates to estop the party giving it from falsifying his own statements. No man, as against an innocent person, can take advantage of his own fraud. So far from being, in such case, a defence, the fraud would itself, if any loss were sustained, be a positive cause of action, entitling the injured party to equivalent damages. (*See the cases of Holmes* agt. *Williams,* 10 *Paige*, 326 ; *Watson's Executors* agt. *McLaren,* 19 *Wend.* 557 ; *Dowe* agt. *Schutt,* 2 *Denio,* 621 ; *Clark* agt. *Sisson,* 4 *Duer,* 408 ; *Truscott* agt. *Davis,* 4 *Barb.* 495.)

All these cases are cited by Mr. Justice INGRAHAM at special term, in a decision against the same defendant, reported recently in 26 *Barbour*, 611.

Much stress is laid by counsel on the peculiar form of these certificates. They merely declare that the notes, and such, it is said, is the purport of the notes themselves, " were given for value received, and will be paid when due." If nothing further was meant by the certificates, why attach them to the notes ? The act would have been a childish ceremony. We must infer that it meant something. The jury have found, in effect, and, we think, correctly found, that the defendant meant. to convey the idea not only that some value, but that full legal value had been received, and that the promise to pay was not merely an optional promise, but one which could be legally enforced. In other words, the object of the certificates, as said by Judge INGRAHAM, was " to induce a purchaser to take the notes without fear of the defence of usury." And it is not competent to the defendant now to argue that the terms selected were ingeniously contrived as a trap to catch the unwary

Judgment appealed from, affirmed with costs.