By the Court—Hoffman, J.
The plaintiff undoubtedly took the note on the representations of Jaques, that it was business paper. This is positively sworn to by the plaintiff, and not contradicted or modified by Jaques.
It is true, that this would not deprive Raton of the defense of usury if the note was an accommodation note, and he had not authorized the representations. (Dowe v. Schutt, 2 Denio, 621.) But it would induce us to scrutinize Jaques’ evidence with strictness, had he sworn that it was an accommodation note.
It is necessary that the evidence to this point should be perfectly clear and decisive. On the face of the paper, consideration *148 is implied, and the defendant Patón is responsible as maker. The note then could be purchased at the discount proven, without the claim upon it being invalidated. If an exchange note had been given, each holder would have been a purchaser for value, and he could sell his property on such terms as he chose (Dowe v. Schutt, ut supra; Cobb v. Titus, 13 Barb., 45; affirmed. April, 1854. Selden’s notes of decisions of Court of Appeals.)
Jaques’ testimony leaves this material point in doubt, which ought to have been made out with certainty and clearness. It may have been an exchange on this evidence.
I think the Eeferee was right, and that the judgment should be affirmed.