Smith, J.
The testimony given on the trial, made out a clear case of usury. The undisputed evidence established a complete defence to the action. There was no conflicting evidence, and nothing proper to be submitted to the jury. It was the duty of the court, in such case, to dismiss the complaint, or nonsuit the plaintiff, or direct a verdict for the defendants. It is a mistake to suppose that, because the evidence came from the defendant, after the plaintiff had rested, the case must go to the jury. In Pratt v. Hull (13 Johns., 334), it was held to be the duty of the court to nonsuit when the evidence offered by the plaintiff did not support his action, and that it was error to refuse the nonsuit, for which a bill of exceptions would lie. In 19 Johnson, 158, Judge Spencer says: “If the court can rightfully nonsuit the plaintiff upon undisputed facts, when the law is against him, they ought to do so; and the refusal to do it is error in point of law." This, I think, has ever since been regarded as settled law in this State. It was questioned, for some time afterwards, whether the court could nonsuit after evidence given by the defendant., This question was settled in the case of Rudd v. Davis (3 Hill, 287), affirmed by the Court for the Correction of Errors (7 Hill, 529). The right and duty to nonsuit are correlative. The right to nonsuit implies the duty, and error lies if the Circuit Judge refuses to nonsuit in a proper case. This, I *363 think, is now the ^ell-settled rule in this State. The judge, in this case, should, therefore, have nonsuited the plaintiff, or dismissed the complaint, which is equivalent to a nonsuit. •The argument is, that this could not properly be done, because there was a question of credibility raised in respect to the witness Bock, who proved the usury. But this objection is untenable. The witness was not impeached or contradicted. His testimony is positive and direct, and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony. The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by court or jury arbitrarily or capriciously. They are bound to believe, for judicial purposes, such testimony, and it would, in an instance like this, be the clear duty of the court to set aside the verdict of a jury founded upon a disbelief of clear, uncontradicted and undisputed evidence.
The point that the motion to dismiss the complaint could not be granted, 'because the plaintiff was entitled to judgment against the indorser, Bock, is not sustainable. The plaintiff was undoubtedly entitled to judgment against Bock, as it does not appear that he made any defence, and he clearly could make none upon his own testimony. He negotiated the note and represented' it to be good, and would probably be estopped from asserting to the contrary, in an action against him thereon. (2 Denio, 621; 3 Kern., 314.) But the defendant’s motion to dismiss the complaint, I do not think should be considered or construed as including Bock. It was made in behalf of the makers, Meeker and Maidhof, who alone defended. It was made upon the proof offered to make out a defence which was only available to them, and no reference made to Bock. The plaintiff could have severed, and had a separate judgment against him. Under the former practice, one defendant could not have judgment of nonsuit when a joint defendant had suffered default. But the modern rule is otherwise (Murphy v. Dolan et al., 5 Barn. & Cres., 178 ; Jones v. Gibson, id., 768; Murphy v. Johnson, 7 Dowl. & Ry., 619); I think the practice and rule is otherwise under section 274 of the Code, and par *364 ticularly, as in this case, when the action is against maker and indorser. In such action, a plaintiff may sever, and either defendant dismiss the complaint. (1 Code Rep., N. S., 346; 17 Barb., 446.)
I think the judgment in this case should be reversed and a new trial granted, with costs to abide the event.
Wright, Selden, Gould and Allen, Js., concurring.
Judgment accordingly.