## COURT OF APPEALS.

### ANTHONY MASON agt. BENJAMIM M. ANTHONY.

An *estoppel in pais* may be urged against the *defense of usury*. And this estoppel is as applicable to an *indorser* of an accommodation promissory note, who represents that the note is valid business paper, as to the maker of the note.

*September Term,* 1867.

APPEAL from judgment of the supreme court.

The action was on a promissory note for $100, made by Wm. Jackson, Jr., to the order of the defendant, and indorsed by him.

The defense was usury. The case was referred to a referee to hear and determine, who found in favor of the defendant. The general term, on appeal, reversed the judgment and ordered a new trial. Thereupon the defendant appealed to this court, stipulating that judgment absolute might be entered against him, in case the order appealed from should be affirmed.

BOCKES, J. The facts found and stated by the referee clearly present the only question involved in this case.

The referee found that the note was usurious in its inception, and was passed to the plaintiff before due; that before the purchase by him, the defendant was informed by the agent of the plaintiff that the latter was about to buy the note, and desired to know if it was usurious; that the defendant replied that it was not usurious, that there was a consideration paid for every dollar of it.

As a conclusion of law, the referee found and decided "that the representations of the defendant, if made by the maker of the note, would have operated by way of an estoppel to prevent his availing himself of the defense of usury; but that an accommodation indorser could not, by his representations, charge the maker of a usurious note, and

that a recovery against the indorser would in effect charge the maker."

It has been settled in the supreme court, in numerous cases, that an *estoppel in pais* may be urged against the defense of usury, the same as in any other case where the doctrine of *estoppel in pais* is applicable. The decisions in that court are numerous and uniform. (*Ferguson* agt. *Hamilton*, 35 *Barb.* 427; *Chamberlin* agt. *Townsend*, 26 *Barb.* 611; *The Merchants' Bank of Brooklyn* agt. *Townsend*, 17 *How. Pr. R.* 569; *Truscott* agt. *Davis*, 4 *Barb.* 495; *Dowe* agt. *Schutt*, 2 *Denio*, 621.) The rule was also well settled in the late court of chancery. (*Holmes* agt. *Williams*, 10 *Paige*, 326; *Mitchell* agt. *Oakley*, 7 *Paige*, 68.) Also in the superior court. (*Clark* agt. *Sisson*, 4 *Denio*, 408.) It is the same in Connecticut (*Roe* agt. *Jerome*, 18 *Conn.* 138; *Middletown Bank* agt. *Jerome*, 18 *Conn.* 443), and perhaps in some other states. The estoppel, too, has often been held to be available against an indorser, as well as maker. The distinction marked by the referee, and on which he based his decision, has never been recognized in any reported case, nor is it sound in theory. There can be no reason why an indorser should not be estopped by his representation that the note is valid business paper, as well as the maker. The consequences to the purchaser are the same in both cases.

There is a question, however, not considered in any of the cases, which lies at the foundation of the rule apparently so well established in the supreme court. It is this, whether the doctrine of *estoppel in pais* should have application to the defense of usury. This question is worthy of consideration, and is still open in this court. Judge DENIO seems to have had it in mind when discussing the subject in *The Bank of Genesee* agt. *The Patchin Bank* (13 *N. Y.* 316). In speaking of the rule, he says: "This is carrying the principle of estoppel to the length of protecting a transaction prohibited by a positive law, founded upon considerations of public policy." He adds, "it is not necessary to affirm that doc-

trine in this case;" hence he refrained from entering upon its examination. The point was commented on in *Ferguson* agt. *Hamilton* (35 *Barb.* 427), and suggestions were made, here unnecessary to repeat. On careful reflection and discussion, we are of the opinion that an *estoppel in pais* may urged against the defense of usury.

The same considerations of morality and public policy exist in that as in other cases where the doctrine of estoppel obtains. Nor should we, on other than grounds of absolute necessity, disturb a rule which has so long controlled the business affairs of the country, and been relied on as settled law.

The order appealed from must be affirmed, and the plaintiff is entitled to' judgment absolute, pursuant to the stipulation given on the appeal.

All affirm.