By the Court.—Freedman, J.
The learned referee did not in express terms find that the retention of the sum of forty-two dollars and sixty-four cents by Hopkins for discounting the note was usurious. He decided the case upon the theory that even if it was usury, and although the note had in point of fact no valid inception or business character before it was discounted by Hopkins, the plaintiff, as indorser before maturity, was under no obligation to the defendants as makers to set up the claim of usury, and that consequently he had a right to take up the note, after pro-' test, and having thus taken it up, he could maintain an action thereon in which the defendants were not at liberty to interpose the defense of usury. In this the referee erred. There was evidence upon which the referee might have based a finding of usury ; and if there was usury, Hopkins could not have recovered on the note, either against the plaintiff or the defendants ; and this being so, the plaintiff could not, by merely taking up the note, create a cause of action against the defendants. True, the plaintiff might nevertheless recover, upon proof that the defendants induced him by representations that the note was a business note, and that it would be paid by them as such, to take it up, and that in reliance upon such representations, and in ignorance of the true state of affairs, he did take it up. As an estoppel in pads may be urged against the defense of usury (Mason v. Anthony, 3 Keyes, 609), such proof would operate as such estoppel. But there *134 is no finding to this effect, and the evidence at large points strongly to the conclusion that the plaintiff, at the time he indorsed the note, and induced Hopkins to discount it, well' knew the true character of the paper.
If, therefore, with knowledge of its infirmity, plaintiff procured the note to be discounted at a usurious rate of interest, he, as a mere accomodation indorser before the paper had a legal inception, could not deprive the makers, who had made the note solely for the accommodation of the first indorsers, Boyle & Co., of their defense of usury; and when he paid the amount to Hopkins, he paid it in his own wrong, and acquiesced thereby no greater rights than Hopkins possessed. Brown v. Mott (7 Johns. 361), was not a case of usury, and is not in point.
The theory of the referee being inapplicable to the facts, as far as they were found, and the court at general term being unable to determine that in point of fact there was no usury, when the referee had assumed that there was, and had based his decision upon such assumption, especially as the case discloses evidence upon which the referee might have made a finding to that effect, a new trial must necessarily be ordered. This being so, it is unnecessary to. notice the other questions discussed on the argument.
The judgment should be reversed, the order of ref- • erence vacated, and a new trial ordered, with costs to appellants, to abide the event.
Monell, Oh. J., concurred.