WILLIAM SMYTH AS ACTING SUPERINTENDENT OF THE INSURANCE DEPARTMENT OF THE STATE OF NEW YORK, RESPONDENT, v. FOTIO LOMBARDO, IMPLEADED WITH OTHERS, APPELLANT.

*Superintendent of Insurance Department—power of deputy—power to foreclose mortgage—when mortgagor estopped from setting up usury.*

A bond and mortgage executed by the defendant were, with his consent, assigned by an insurance company, as required by law, to O. W. Chapman, Superintendent of the Insurance Department of the State of New York; during a vacancy in the office of superintendent, caused by his resignation, the plaintiff, the deputy superintendent, brought this action to foreclose the mortgage. *Held* (1), that plaintiff was authorized to perform the duties of the office of the superintendent during a vacancy in that office; (2), that the superintendent had full authority to collect the mortgages so assigned to him.

At the time of the assignment the defendant, the mortgagor, signed a certificate consenting to the assignment by the mortgagee, and stating that the whole principal sum, and interest thereon from its date, was due and that there was no offset to or legal or equitable defense against the mortgage. The superintendent testified that he had no knowledge that any of the principal had not been paid to the mortgagor, and that he would not have taken it if he had had any notice of usury.

*Held,* that the defendant was estopped from setting up the defense of usury.

APPEAL from a judgment in favor of the plaintiff, entered in the county of New York, upon the trial of this action by the court without a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

*V. Wright Kingsley,* attorney for the appellant.

*A. Schoonmaker, Jr.,* Attorney-General, attorney for the respondent.

POTTER, J.:

This is an appeal from a judgment rendered upon a decision of the court at Special Term, and from an order denying a motion to set aside such judgment and for a new trial. The action was brought for the purpose of foreclosing a mortgage deposited with the superintendent of the insurance department, under chapter 463, Laws of 1853.

The defenses set forth in the answer are: 1st. That plaintiff has no legal capacity to maintain the action. 2d. That the mortgage is void for usury. The statute, chapter 463, section 6, requires that life insurance companies shall deposit with the superintendent of the insurance department a certain amount of stocks or bonds and mortgages. This deposit is made by each company with the superintendent of the insurance department, in trust for the benefit and security of the holders of its policies of insurance. The superintendent has full authority to collect, as well as to distribute the avails of the securities. The transfer of the mortgage in question was made in terms to O. W. Chapman, as superintendent of the insurance department of the State of New York, and with the knowledge and written consent of the defendant himself. The superintendent is plainly a trustee, and is the proper party to bring the action.

There was a vacancy in the office of superintendent at the time this action was commenced, caused by resignation. Smyth, the plaintiff, was the deputy of the superintendent at the time of the resignation, and by virtue of section 2 of chapter 366 of the Laws of 1859, became possessed of the power, and authorized to perform the duties pertaining to the office of the superintendent

during the vacancy. We think the action well· brought by the plaintiff as acting superintendent. The appellant claims that the mortgage was usurious and void; or that evidence tending ·to prove the mortgage was usurious was improperly excluded. by the court, and that a new trial should be granted for that reason.

Before considering that question, it will be proper and necessary to determine the effect of the certificate signed by the mortgagor before or upon the occasion of the transfer of the mortgage to the superintendent. The instrument or certificate contains a consent of the appellant, who was mortgagor and owner of the mortgaged premises, that the mortgage be assigned by the mortgagee, the Eclectic Life Insurance Company, to the superintendent, etc., and also a statement that the principal of the mortgage, with the interest thereon from its date, is unpaid, and that there is no offset to or legal or equitable defense against the same.

The court below found as a fact that at the time of surrendering the United States bonds, and receiving such bond, mortgage and assignment in exchange therefor, said superintendent had no knowledge or information that any part of the consideration of such mortgage remained unpaid to said appellant, or that said company had not paid him the full sum of $30,000, and there was no exception to that finding. The superintendent, moreover, testifies, and his testimony is uncontradicted, that he would not have taken the mortgage if he had had any notice of ·sury, and that he took it upon the faith of that certificate, and it cannot be doubted that the purpose of the certificate of the appellant was ·to induce him to take the mortgage. Is the appellant estopped from proving and insisting upon the. defense of usury ? This question is settled by the court. of last resort in *Mason* v, *Anthony* (3 Keyes, 609); *Payne* v. *Burnham*, (62 N. Y., 69); holding that such facts constitute an estoppel against the defense of usury, however conclusively the evidence would establish it. This conclusion renders the examination or considerations of several exceptions unnecessary. The exception to the ruling of the court upon this question, who is at present the superintendent, was not well taken, for the reason stated for the exclusion, and also that the inquiry should have related to the time of the commencement of the action, and not to the time of the trial. The evidence showing that plaintiff

was the acting superintendent at the time the action was commenced was full, and no exception was taken to the finding upon that point.

Judgment should be affirmed, with costs.

Ingalls, P. J., concurred.

Present — Ingalls, P. J., Daniels and Potter, JJ.

Judgment affirmed, with costs.