Bradley, J.
The action is upon a note made by the defendant for $200, payable to the order of S. S. Pratt at sixty days’ notice, with interest. The defendant alleges usury as the defense. The plaintiff had a verdict, and the court at special term granted the defendant’s motion for a new trial. No exceptions appear requiring consideration. No opinion was delivered at special term. And it must be assumed that the new trial was granted upon the ground that the verdict was not fairly supported by the evidence. The evidence on the part of the defendant was in the testimony of the maker and Pratt, the endorser of the note, who testify that the note was made by Martin without consideration and for the accommodation of his son-in-law, Pratt, and to enable the latter to get a loan upon it of the plaintiff, who advanced to him for it $195. Their evidence, taken as true, made a clear defense on the ground that the note was usurious and void.
The plaintiff’s statement of the transaction is somewhat in conflict with that of the maker and indorser. He says .Pratt said, <CI have a note of $200 I want to sell you;” and on being asked by the plaintiff how long it ran and whom it was against, said sixty days and against the defendant. Then was asked if it was gotten up to raise money ? he answered, “No. sir; it was given for a valuable considera *848 tion” that the defendant owed him; and said Martin is in the Webster House; you can ask him about the note. The plaintiff then called on the defendant there and told him what Pratt had said and asked him if the note was gotten up to raise money, and the defendant answered, “No, sir; the note is given for value, and if you can make a deal with the Colonel (Pratt), buy it, for it is good and all right and wiU be paid.’ Pratt was there or then came in and the plaintiff asked him to see the note, and one of them made the remark that the note was not yet drawn. The plaintiff then told them that “if the note was given for value, not gotten up to raise money,” he would give him $195 for it. “He said all right, they would do it.” The plaintiff then went out to the bank, got the money, returned to the Webster House, where the defendant and Pratt still were, and paid Pratt the money and took the note, which had been drawn, signed and indorsed in his absence. This constitutes the plaintiff’s version of the transaction. The fact is established that the plaintiff paid for the note a sum five dollars less than its face value; and that when the negotiation for its purchase was had, the note had no actual existence. Assuming that it was an accommodation note, made to enable the payee to raise money upon it, the note in the hands of plaintiff was void, nnd the defense complete, unless defeated by estoppel.
The evidence of the plaintiff permitted the conclusion that the negotiation between him and Pratt was for the sale and purchase of a valid note, founded upon a good consideration, that when inquiry was made of the defendant, who was named by Pratt as the maker, he in like manner characterized the note as given for value, good, and all right; and that he then understood that the plaintiff did not want the note if it was got up to raise money. If the note had then been made by the defendant and taken by Pratt, this evidence of the plaintiff taken as true would have been sufficient to justify the conclusion that the maker was estopped as against the plaintiff to effectually assert usury as a defense. Mason v. Anthony, 3 Abb. Ct. App. Dec., 207; Ahern v. Goodspeed, 72 N. Y., 108; Smyth v. Munroe, 84 id., 354; Fleischmann v. Stern, 90 id., 110; Platt v. Newcomb, 27 Hun, 186.
The inference was fairly permitted that the note which Pratt and the defendant had in view when the former proposed to sell one of that amount to the plaintiff, and when the defendant characterized its quality as valid, was the note m question which was made by the latter, taken by the payee and delivered to the plaintiff and that the description given by them of the character of the note was intended by them and- understood by the plaintiff to apply *849 to such note. It was drawn and signed on the occasion of the negotiation for its purchase. And it may be inferred that this was done to carry out the arrangement which had been made to produce and sell to the plaintiff the note which had been described by the parties to it. Suppose A. proposes to B to sell him a note to be made by 0. and represents that the latter is owing him, that the note will have a good consideration and will not be an accommodation note to raise money, and that then B. consults 0. on the subject, advises him of the proposition of A. to sell him the note, and is informed by 0. that the note will be given for value and be good and all right, and thereupon makes and delivers the note to A., who then and there sells it to B., may it not be inferred that the latter was induced by such representation to believe that the note had a valid inception, and that he made the purchase in reliance upon the truth of the statement of the maker to that effect, and especially so if the maker is present when the transfer is made by the payee to such purchaser and gives no information to the contrary ?
There is no apparent reason why the transaction to its completion might not be deemed characterized by the representations in respect to the character and quality of the note. It is sufficient for estoppel in pais that the representations made by the defendant were calculated to mislead the plaintiff and did have that effect, and induce him to make the purchase of the note in the manner he did, and that to give effect to the denial of the truth of them would result to the prejudice of the plaintiff. Continental Nat. Bank v. Bank, etc., 50 N. Y., 575; Blair v. Wait, 69 id., 113.
The evidence was such as to present a question of fact for the jury. And it would have been error to withdraw the case from them by nonsuit or by direction of a verdict for the defendant. The relation to the subject of the action of the witnesses whose evidence related to the main fact, was such that their credibility was for the consideration of , the jury in determining what the testimony given by them respectively proved. And this was so peculiarly within their province that it is quite difficult to see how the court could on review of this case so measure the force which the jury could legitimately give to the evidence, as to reach the conclusion that the verdict was so against the weight of evidence as to justify the granting of a new trial. There is no criticism of the charge of the trial court or the manner, in any respect that the case was submitted to the jury, other than in the exception to the refusal to direct a verdict for the defendant. The case is one of conflict of the *850 evidence of witnesses interested in the question, and in the event of the action, in which the burden was on the defendant to establish the affirmative defense alleged. And nothing appears in the evidence of the plaintiff, either on his direct or cross-examination, which would seem to have required them to discredit his evidence. And we cannot say that the evidence of the witnesses on the part of the defense was such as to necessarily show that the jury in disregarding it were governed by prejudice, passion or any other improper motive.
The order should be reversed and the motion for a new trial denied. ■
Haight and Corlett, JJ., concur.