## FALL RIVER NATIONAL BANK *vs.* ISRAEL BUFFINTON.

In an action on a promissory note, by the indorsee, against one who, after the plaintiff
took the note, but before it was due, so represented that what purported to be his sig-
nature as indorser was genuine, as to be estopped from denying the truth of his repre-
sentation, no exception lies to the ruling of the presiding judge that the plaintiff is enti-
tled to recover the whole amount due upon the note, and that it is immaterial whether
his actual damage in relying upon the representation was more or less.

HOAR, J.   The plaintiffs' claim is as indorsee of two promis-
sory notes, and the suit is against the defendant as indorser.
It appeared at the trial that the indorsement of the defendant's
name was a forgery; but there was evidence tending to show
that before the notes were due, but after they had been dis-
counted at the bank, the cashier showed them to the defendant
for the purpose of ascertaining if what purported to be his sig-
nature was genuine; and learning from him that it was, took
no steps to collect the notes from the person who procured them
to be discounted, as he otherwise would have done if he had
not relied on the defendant's assurances.   The prior indorser,
who had procured the notes to be discounted, left the Common-
wealth and the country about ten days after the defendant made
the foregoing representation, and several weeks before the matu-
rity of the notes; proceedings in insolvency were soon after
commenced against him, and his estate has paid a dividend of
only five per cent.   The jury were instructed that if upon all
the evidence in the case they should be satisfied that the de-
fendant made the representation and statement or acknowledg-
ment aforesaid, knowing it to be untrue, and with intent to
mislead or induce the plaintiffs to act upon it, and that the
plaintiffs did rely and act upon it and were injured thereby, the
defendant would be estopped from showing that his name on
the back of said notes was not his genuine signature, and that
it was not put there by him or by his authority; and that the
plaintiffs would be entitled to recover of the defendant the whole
amount due on the notes; and that it was immaterial whether

the plaintiffs' actual damage or injury in relying upon the representations was more or less. The verdict was for the plaintiffs; and the defendant excepted to these instructions so far as they related to the rule of damages.

Without considering whether the last clause of these instructions was strictly accurate as a statement of the abstract rule of law, we are of opinion that it was correct in its application to the facts of the case on trial, and that the defendant has no just cause of exception to the whole instructions given to the jury.

If we take it to be true that a plaintiff is entitled to no more damages than will compensate him for the injury which he has sustained, the plaintiffs here are not seeking to recover damages for the injury occasioned by a false representation. The action is not an action on the case for deceit; it is an action upon promissory notes. The plaintiffs allege that the defendant indorsed the notes in suit; and, instead of proving the fact affirmatively, prove, as by the rules of law they are entitled to do, that the defendant is estopped to deny that the indorsement is obligatory upon him. The whole notes were the property of the bank; the bank had paid full value for them; they were not taken as collateral security for a smaller sum, so that the proceeds, when collected, would be held in part for the benefit of some other person. If the defendant indorsed the notes, he was liable to the plaintiffs for their whole amount; and if by his conduct he has precluded himself from denying that he did indorse them, there is no division to be made of his liability as indorser. The injury which permitting him to deny the truth of his representation would occasion to the plaintiffs is the loss of a good and valid indorser upon the notes, which, so far as he is concerned, is the liability for their full amount. If the action were for deceit in making a false representation, the rule of damages would be found by ascertaining, as the defendant asks should be done in this case, in how much worse condition the plaintiffs had been put by reason of the deceit. But the plaintiffs are not in that position. They had some notes of doubtful value. They do not ask to be compensated for having discovered this fact a few

weeks later than they might have done, if they had not trusted to the defendant's statement, which perhaps occasioned them little injury ; but they say, and the finding of the jury entitles them to say, that in consideration of their trusting the defendant's assurances, by his procurement, and thereby · exposing themselves to the injury which such delay might occasion, which is a sufficient consideration in law, the defendant made himself liable to them as indorser.

The uniform language of the best authorities sustains this view of the extent of the defendant's liability. In *Pickard* v. *Sears*, 6 Ad. & El. 474, Lord Denman says, "the rule of law is clear that where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." And in *Gregg* v. *Wells*, 10 Ad. & El. 90, "a party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterward dispute that fact in an action against the person whom he has himself assisted in deceiving." "As a general rule," says Nelson, J., "a party will be concluded from denying his own acts or admissions which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter." *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483. In *Hawes* v. *Marchant*, 1 Curt. C. C. 136, Mr. Justice Curtis says that to constitute an estoppel *in pais* "a party must have designedly made an admission inconsistent with the defence or claim which he proposes to set up," and it must appear "that another party has, with his knowledge and consent, so acted on that admission, that he will be injured by allowing the admission to be disproved ; and this injury must be co-extensive with the estoppel." The injury in the case at bar which would result to the plaintiff from allowing the defendant's admission that he was indorser to be disproved would be the loss of his security as indorser; and the estoppel is to be co-extensive with the injury. The doctrine

has been stated, in substantial conformity with the cases already cited, in several decisions by this court. *Osgood* v. *Nichols*, 5 Gray, 420. *Audenried* v. *Betteley*, 5 Allen, 382. *Plumer* v. *Lord*, 9 Allen, 455. *Langdon* v. *Dowd*, 10 Allen, 437. In the last case the chief justice observes that "the reason on which the doctrine rests is, that it would operate as a fraud if a party was allowed to aver and prove a fact to be contrary to that which he had previously stated to another for the purpose of inducing him to act and to alter his condition, to his prejudice, on the faith of such previous statement." But still more directly in point is *Tobey* v. *Chipman*, 13 Allen, 123, where it was held that one who has bought at a discount a promissory note under circumstances which preclude the maker from contesting its validity, may recover of the maker its full amount.

The case cited for the defendant as decided by the New York Court of Appeals in 1853, if in conflict with the cases to which we have referred, does not seem to us based on a correct application of the principle involved. But in the case at bar there were no successive and independent transactions in relation to the notes. Nor can we perceive in what manner it would be consistent with the rule to allow the defendant to show the falsity of his own representations in relation to the question of damages, more than upon any other part of the case. There may be cases where the falsity of a representation in relation to a note, although coming within the rule, would not involve an injury to the whole amount of the note. But here the defendant is responsible for the whole amount due on the notes, unless he is allowed to show that his admission of his responsibility as indorser was untrue; which he has precluded himself from doing.                    *Exceptions overruled.*

*E. Williams & J. C. Blaisdell,* for the defendant, besides cases cited in the opinion, cited *Dezell* v. *Odell,* 3 Hill, 225; *Pierrepont* v. *Barnard,* 5 Barb. 364; *Bursley* v. *Hamilton,* 15 Pick. 40 ; *Dewey* v. *Field,* 4 Met. 381 ; *Merrill* v. *Tyler,* cited 2 Abbott's N. Y. Digest, 588.

*G. Marston & J. M. Morton, Jr.,* for the plaintiffs.