CORNELIUS B. PAYNE, Respondent, *v.* AMELIA E. BURNHAM et al., Appellants.

To create an estoppel *in pais*, the conduct or representation must have been intended to, and must have in fact influenced a party to his injury, it is not enough that he believe an estoppel will be made in the future.

Defendant, A. E. B., a married woman, executed a joint bond with her husband for the sum of $2,000, and a mortgage upon her real estate to secure it, which were delivered to the obligee and mortgagee without consideration; they having been executed for the purpose of being sold at a discount, for the benefit of the husband. They were assigned to the plaintiff for the sum of $1,755. A promise was made that Mrs. B. would make an affidavit to the effect that the consideration of the mortgage was the full amount expressed, and that there was no defence or set-off. After $500 was paid such an affidavit was made, and thereupon the residue of the purchase-price was paid. In an action to foreclose the mortgage, *held*, that Mrs. B. was not estopped from asserting the usurious nature of the transaction as to the $500; and that plaintiff was only entitled to recover the money actually advanced by him on the faith of her representations, not the face of the mortgage less the $500.

Also *held*, that a judgment against Mrs. B. for a deficiency was error.

*Payne* v. *Burnham* (2 Hun, 143; 4 N. Y. S. C. [T. & C.], 678), reversed,

(Submitted April 19, 1875; decided May 25, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment of the County Court of Kings county in favor of plaintiff. (Reported below, 2 Hun, 143; 4 N. Y. S. C. [T. & C.], 678.)

This was an action for the foreclosure of a mortgage executed by defendants Amelia E. Burnham and Avon C. Burnham, her husband, to one Sterling, upon the separate property of the wife, given to secure a joint bond of said defendants.

The County Court found in substance that said bond and mortgage were executed and delivered by the defendants Burnham to said Sterling, without any consideration as between them, and for the purpose of selling the same to raise money thereby. That subsequently Sterling duly sold and assigned said bond and mortgage at the request of Burnham, to the plaintiff, for the sum of $1,755. That one Granniss, plaintiff's attorney and agent in the matter, received said assignment from said Sterling, on the 23d day of June, 1870, and upon the receipt thereof gave Sterling his own check for the sum of $500, on account of the price agreed to be paid for said mortgage; and he retained said assignment for the space of six days as collateral security for the return to him, by the plaintiff, of the money so advanced by him. That at the time of making said payment an affidavit in writing was drawn up to be sworn to by said Amelia E. Burnham and Avon C. Burnham, and was sworn to by said Avon C. Burnham, whereby they severally deposed that they were the owners of the mortgaged premises in this action; that they executed the mortgage in question, and that the consideration of said mortgage was the full amount expressed therein, without any discount or abatement whatsoever, and that there was no defence or offset to the same of any nature or kind whatsoever, either legal or equitable. That said affidavit was not sworn to by Amelia E. Burnham until an hour or upwards after said payment was made, but on the same day, and said assignment was accepted and

received by Granniss as agent of said plaintiff, and said payment made upon an express promise and agreement that said affidavit would be made by said Amelia E. Burnham, with the understanding and belief of said Granniss, as plaintiff's agent, that the statements in said affidavit were true, and upon the faith thereof. And after said affidavit was sworn to by said Burnham and wife, the other payments on said purchase and assignment were made on the faith of said affidavit.

The court directed judgment for the full amount of the bond and mortgage, less certain payments and certain payments over and above interest for extensions of the time of payments.

*Geo. C. Blanke* for the appellants. Plaintiff's recovery was limited to the amount he had actually paid for the bond and mortgage. (*Hills* v. *Varet*, 3 N. Y. L. Obs., 105; *Merrill* v. *Tyler*, 2 Seld. Notes, 47.) It was error to give a judgment for deficiency against Mrs. Burnham. (*Yale* v. *Dederer*, 22 N. Y., 461; *Ingraham* v. *Disbrough*, 47 id., 421.)

*James Taylor* for the respondent. There was a delivery of the bond and mortgage to Sterling. (*Lady Superior* v. *McNamara*, 3 Barb. Ch., 375; 4 Kent, 455; 5 B. & C., 671; *Scrugham* v. *Wood*, 15 Wend., 545; *Rathbun* v. *Rathbun*, 6 Barb., 78; *Marquand* v. *Marquand*, 10 Mass., 456; *Samson* v. *Thornton*, 3 Metc., 275.) Defendants are estopped by the representation in the affidavit from setting up the defence of usury, or that the bond and mortgage are not good and valid securities. (*Mason* v. *Anthony*, 3 Keyes, 609; *Elwell* v. *Chamberlain*, 4 Bosw., 320; *Ferguson* v. *Hamilton*, 35 Barb., 427; *Lesley* v. *Janson*, 41 id., 359; *Holmes* v. *Williams*, 10 Paige, 326; *L'Amoreux* v. *Vischer*, 2 N. Y., 278; 19 Wend., 557; 5 How. [Miss.], 698; *Hill* v. *Valet*, 3 N. Y. L. Obs., 105.) Plaintiff is entitled to recover the whole amount of the securities, with interest, after deducting the payments made. (*Wells* v. *Chapman*, 13 Barb., 561; *Buch* v. *Livingston*, 3 Cai. Cas., 66; *Pearsall* v. *Kingsland*, 3

Edw., 195; *Lovett* v. *Dimond*, 4 id., 22.) Judgment for deficiency against Mrs. Burnham was proper. (*Kolls* v. *Lee Leyer*, 41 Barb., 208; *Abbey* v. *Deyo*, 44 id., 374; *Knapp* v. *Smith*, 27 N. Y., 277; 2 R. S. [Edm. ed.], 516.)

CHURCH, Ch. J.    The question whether the mortgage was got up to be sold at a discount, with the knowledge of the plaintiff or his agent, has been passed upon by the court below, upon evidence sufficiently conflicting to make the decision conclusive upon this court, but the judgment is claimed to be erroneous in three respects :

First. In allowing the plaintiff any more than he actually paid for the bond and mortgage, with interest.

Second. In allowing him the $500 paid before the defendant made her affidavit which created the estoppel.

Third. In ordering judgment for a deficiency against the defendant, she being a married woman.

It is undisputed, and was found by the court below, that the bond and mortgage had no inception before the plaintiff purchased it, that they were made for the purpose of being sold at a discount greater than the legal rate of interest, and that they were in fact sold to the plaintiff for $1,755, being a discount or shave of $245.    The statute declares such a transaction void, and this would be the necessary judgment of any court, except for the affidavit made by the defendant, Mrs. Burnham, which it is claimed operates to estop her from urging the real truth.    It is but recently that this court first adjudged that an estoppel *in pais* could be urged to obviate the effect of an act which the statute, for reasons of public policy, declared to be absolutely void.    (3 Keyes, 609.) The propriety of extending the doctrine of estoppel to such cases had been previously questioned, and combatted by high judicial authority.    (13 N. Y. [3 Kern.], 316, per DENIO, J.; *Truscott* v. *Davis*, 4 Barb., 495, per MARVIN, J.)    This court has, however, uniformly adhered to the decision in favor of its application whenever the question has been presented, and it must be regarded as the settled law of the State.

An estoppel *in pais* is very well defined by NELSON, J., in 8 Wendell, 483. He says: " As a general rule, a party will be concluded from denying his own acts or admissions which were expressly designed to influence the contract of another, and did so influence it, and when such denial will operate to the injury of the latter." The court finds that the affidavit which creates the estoppel was not, in fact, sworn to, until after $500 had been advanced upon the purchase of the bond and mortgage by the plaintiff's agent, although a promise had been made by some one that it should be made. An indispensable requisite of an estoppel *in pais*, is that the conduct or representation was intended to, and did, in fact, influence the other party to his injury. It is not sufficient that a person is made to believe that an estoppel will be made in the future. It cannot be said that the $500 was advanced upon the faith of Mrs. Burnham's affidavit, which she had not made when it was paid, nor is it material that the agent advanced that sum for his principal. When the latter repaid it he ratified the payment and adopted it as his own. Mrs. Burnham is precluded from contradicting the statements contained in her affidavit that the mortgage was valid, but only to the extent that the plaintiff acted upon the same. Neither he nor his agent acted, or could have acted upon it, in paying the $500. He paid, in fact, upon the strength of the affidavit, only $1,255. The sum of $500 should be deducted, at all events, from the amount, and the only question is, whether it should be deducted from the amount paid, or from the face of the bond and mortgage, thus giving the plaintiff the benefit of his usurious bargain. It is urged on the one hand that the doctrine of estoppel *in pais* is based upon principles of morality and good faith, and should be applied to the extent of securing a full indemnity ; and that good conscience and honesty in dealing requires nothing more ; and that in a case like the present, when the plaintiff is protected to the extent of the money advanced upon the faith of the defendant's representations, his equity has ceased, or at all events is not superior to that

of the defendant, and that there is neither reason or justice in enforcing in his behalf a rule of ethics to enable him to recover usurious profits. On the other hand, it is insisted that the rule forbids the denial by the defendant of the truth of her statements; that this is an action on the bond and mortgage, and not on the false representations, and hence, as the defendant is estopped from denying the fact, they must be regarded as valid for the whole amount. The courts in Massachusetts seem to favor this view (13 Allen, 123; 97 Mass., 498), although the circumstances in those cases were somewhat different. On the other hand, the authorities in this State favor the defendant's position. (*Hills* v. *Vant*, 3 Leg. Obs., 105; *Merrill* v. *Tyler*, 2 Seld. Notes, 47.) It is not necessary to lay down a rule applicable to all cases, if it was practicable to do so, but the case of *Merrill* v. *Tyler* (*supra*), was quite analogous in its facts, and is not distinguishable in principle from this, and we are inclined to follow it, and as a matter of abstract justice, the rule of indemnity for actual loss in a case of usury commends itself to our sense of right more strongly than the other.

If a person attempted, by the construction of an estoppel claimed, to enforce a mortgage of $1,000 purchased for $100, it should be permitted upon some other ground than the principles of morality and good conscience. These principles would denounce it as oppression and extortion, and courts should be cautious in establishing an iron rule, and give it a practical operation which subverts the very principle upon which it is based. It was error to order judgment for a deficiency against Mrs. Burnham. The money was paid to her husband for his own use, and the effect of the mortgage was only to bind so much of her separate estate as it covered. (33 N. Y., 371; 18 id., 265; 22 id., 450; 36 id., 600; 53 id., 422; *Manhattan Brass Co.* v. *Thompson*, not reported.*)

The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur. Judgment reversed.

* 58 N. Y., 80.