## SUPREME COURT.

REAL ESTATE TRUST COMPANY agt. LOUIS B. RADER *et al.*

*Mortgage — Usury — Estoppel.*

Where a mortgage of $20,000 was made to a third party to be sold, the plaintiffs purchasing said mortgage from an agent of the mortgagor and mortgagee, and paying for the same $18,000, and afterwards receiving $1,000 payment on the same; at the time of the assignment of the mortgage to plaintiffs, the mortgagor executed and delivered the usual mortgagor's certificate, upon the faith of which the plaintiffs took the assignment:

*Held,* that, the plaintiffs having relied on the assurances of defendant, contained in the certificate, in taking the mortgage the defendant is estopped from setting up usury as a defense.

*Held,* also, that although said bond and mortgage, as to the original mortgagee, had no legal inception, yet in the hands of the plaintiffs it is a valid and subsisting lien, to the extent of the consideration advanced upon it.

The plaintiffs having acquired a valid title to the mortgage, no subsequent usurious agreement to extend the time of payment could impair or avoid the original obligation.

*Special Term, April,* 1876.

THIS action was brought to foreclose a mortgage, and the defendants set up usury as a defense.

The following are the facts as found by the court:

*First.* That the plaintiffs, the Real Estate Trust Company, are a corporation created under and by virtue of an act of the legislature of the state of New York, entitled "An act to incorporate the Real Estate Trust Company," passed April 19, 1871, and the various acts amendatory thereof.

*Second.* That the defendant, Louis B. Rader, for the purpose of raising money for his own benefit, did, on or about the 6th day of May, 1872, execute and deliver to one Andrus B. Howe a bond sealed with his seal, whereby he bound himself, his heirs, executors and administrators in the penalty of $40,000, upon the condition that the same should be void if the said defendant, Louis B. Rader, should pay to the said Andrus B. Howe, his executors, administrators or assigns, the just and full sum of $20,000, on the sixth day of May, which would be in the year 1874, and the interest thereon to be computed from the day of the date thereof, at and after the rate of seven per cent per annum, and to be paid half yearly, on the sixth days of November and May of each and every year, until said principal sum should be fully paid.

*Third.* That, as collateral security for the payment of the said bond, the defendant Louis B. Rader, and the defendant Esther Amelia Rader, his wife, did on the same day execute, and, on the 4th day of June, 1872, duly acknowledge and deliver to the said Andrus B. Howe, a mortgage, whereby they granted, bargained and sold to the said Andrus B. Howe the premises described in the complaint in this action, with a proviso, in substance, the same as the condition of the said bond.

*Fourth.* That the said mortgage was duly recorded in the office of the register of the city and county of New York, on the 5th day of June, 1872, in liber 1075 of mortgages, page 6.

*Fifth.* That, prior to the execution of the said bond and mortgage, the defendant Louis B. Rader had employed one Thomas W. Allen, a real estate broker, for the purpose of raising money upon the premises designated in the said mortgage ; that, at the suggestion of the said Allen, the said bond and mortgage was made and executed with a view that the same should be sold and the proceeds received by the said defendant Rader.

*Sixth.* That no consideration passed from Andrus B. Howe to the said Rader upon the delivery of the said bond and

mortgage to the said Howe, which delivery was made on or about the 4th day of June, 1872, at which time the bond and mortgage were placed in the possession of the said Allen, as the agent for said Howe and for said Rader.

*Seventh.* That, on or about the 23d May, 1872, the said Allen, as the agent for the said Howe and Rader, made an application to the plaintiffs to sell to plaintiffs, on the part of said Howe, the said bond and mortgage, and that, after some negotiation between the plaintiffs and the said Allen, in the early part of June, 1872, the plaintiffs agreed to purchase the said bond and mortgage from the said Howe, for the sum of $18,000.

*Eighth.* That the plaintiffs, until after the consummation of their purchase of the said bond and mortgage, were ignorant of the circumstances of the inception of the said bond and mortgage, and had no information with respect thereto, and did not know, and had no reason to suspect, that the said Allen was the agent of the defendant Rader, or was the agent for any person other than the said Andrus B. Howe.

*Ninth.* That, on or about the 20th day of June, 1872, by instrument of assignment of that date, delivered June 22, 1872, under the hand and seal of the said Andrus B. Howe, duly executed and acknowledged, the said Andrus B. Howe, for a valuable consideration in hand paid, did grant, bargain, sell, assign, transfer and set over unto the said plaintiff the said indenture of mortgage, together with the said bond or obligation, and the moneys due and to grow due thereon ; and that the said Andrus B. Howe, in and by the said assignment, did covenant with the said plaintiffs that all of the said sum of $20,000 secured by said bond and mortgage, together with interest thereon from the date thereof, was unpaid thereon, and that there was no offset or defense whatsoever against the same.

*Tenth.* That the said instrument of assignment was duly recorded in the said register's office on the 22d day of June, 1872, in liber 1067 of mortgages, page 552.

*Eleventh.* That, on or about the 20th day of June, 1872, by a certain instrument or declaration of that date under the hand and seal of the said Louis B. Rader, duly executed and acknowledged, the said Louis B. Rader did certify, acknowledge and declare that the said bond and mortgage were a good and valid bond and mortgage, and that the same had not been paid, nor any part thereof, nor was there any defense or offset whatsoever against the same, but that the whole of the sum of $20,000, secured thereby, with interest thereon, from date thereof, was unpaid thereon, and that the same were a good, valid and subsisting lien upon the lands and premises, described in said mortgage, and that due notice of the assignment of the said bond and mortgage to the said plaintiffs had been given to him.

*Twelfth.* That, during the said negotiations for the purchase by plaintiffs of the said bond and mortgage, the said Thomas W. Allen, as the agent of the said Louis B. Rader, and as the apparent agent of said Andrus B. Howe, represented to the plaintiffs that the said bond and mortgage was a good and valid one, and that no defense existed thereto, or to the collection of the moneys secured thereby; that in making the purchase of the said bond and mortgage, and in taking an assignment of the same, the said plaintiff relied upon the truth of the said representations made to them by the said Allen, and also relied upon the truth of the statements made to them by the said Howe in the aforesaid instrument of assignment, and also relied upon the truth of the statements made to them by the said Louis B. Rader in the aforesaid instrument or declaration, dated June 20, 1872, and that plaintiffs believed all said representations and statements to be true, and relied and acted upon the faith of them in purchasing the said bond and mortgage, and in permitting the same to be assigned and transferred to them; that the said plaintiffs, in taking the said assignment of the said bond and mortgage as aforesaid, on or about the 22d day of June, 1872, actually paid out and advanced, in reliance upon the

truth of the aforesaid representations and statements, the sum of eighteen thousand dollars.

*Thirteenth.* That the defendants have failed to comply with the conditions of the said bond and mortgage by omitting to pay the sum of $18,000, the principal justly due thereon, to the plaintiffs, which became due on the 6th day of May, 1874.

*Fourteenth.* That, on the 19th May, 1874, the said defendant Louis B. Rader paid to the plaintiffs the sum of five hundred dollars. On the 28th May, 1874, said Louis B. Rader paid to the plaintiffs the sum of five hundred dollars, which sums plaintiffs have credited, and which should be allowed in diminution of the principal due and payable on the said bond and mortgage.

*Fifteenth.* That there is now due to the said plaintiffs upon the said bond and mortgage the sum of seventeen thousand dollars of principal and interest on that sum from the 6th November, 1874, to the date of these findings, viz.: The sum of $1,745.33, which last-mentioned sum should be diminished, however, by the interest on five hundred dollars from May 19, 1874, to the said 6th day of November, 1874, to wit, the sum of sixteen dollars and twenty-three cents, and by the interest on five hundred dollars from May 28, 1874, to the 6th day of November, 1874, to wit, the sum of fifteen dollars and thirty-six cents, so that the amount due this day to said plaintiffs for interest moneys is the sum of $1,713.74, and the sum due to plaintiffs at the date of these findings, for principal and interest together, is the sum of $18,713.74 upon the said bond and mortgage.

*Sixteenth.* That no proceedings have been had at law or otherwise for the recovery of the said sums secured by the said bond and mortgage, or any part thereof.

*Seventeenth.* That the defendants have, or claim to have, some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued

subsequently to the lien of the said mortgage, or is subject thereto.

*Davies, Work, McName & Hilton,* for plaintiff.

*Morris Billings & Cardozo,* for defendant Rader.

LARREMORE, *J.* — The defendant, in 1872, employed Allen, a real estate broker, to negotiate a loan upon certain real estate in the city of New York. At the suggestion of Allen, defendant and his wife, on May 6, 1872, executed a bond and mortgage upon said premises to Andrus B. Howe for $20,000, payable in two years, with interest. The mortgage was acknowledged on the 4th and recorded on the 6th of June, 1872, but no consideration passed from Howe to defendant upon its delivery. Howe, through Allen, made application to the plaintiff for the purchase and sale of these securities, which was consummated June 22, 1872, by an assignment thereof to the plaintiff for $18,000, which amount was paid. At the same time the usual mortgagor's certificate was executed and delivered to the plaintiff, whose officers testified to their belief in the truth of the statements contained in said certificate, and upon the faith of which they took the assignment.

I think the whole testimony justifies such a conclusion, and although said bond and mortgage as to Howe had no legal inception, yet in the hands of the plaintiff they are valid and subsisting liens to the extent of the consideration advanced upon them (*Payne* agt. *Burnham,* 62 *N. Y.,* 69).

An attempt was made at the trial to charge plaintiffs with knowledge of the original transaction between Howe and defendant, but the weight of evidence is in favor of the fact that Allen was not the agent of the plaintiffs, but of Howe and the defendant.

The plaintiffs having thus acquired a valid title to the securities in question, no subsequent usurious agreement to

Real Estate Trust Company agt. Rader *et al.*

extend the time of payment could impair or avoid the original obligation (*Agand* agt. *Ball*, 1 *Alb. L. J.*, 181; *Lesley* agt. *Johnson*, 41 *Barb.*, 359; *Hawks* agt. *Weaver*, 46 *id.*, 164).

Upon this theory evidence to establish such an agreement by the payment of $1,000 was excluded under plaintiff's objection, and said amount having been credited on the account of the principal of the bond and mortgage, a rebate of interest thereon must be allowed from the time of such payment.

The defense of usury is overruled and judgment ordered in favor of plaintiff for $17,000 and interest, and for a foreclosure and sale of the premises described in the complaint