DANIEL B. NORRIS, RESPONDENT, v. JOHN B. WOOD, IMPLEADED, ETC., APPELLANT.

*Mortgage — usury — when it is not a defense.*

In this action brought to foreclose a mortgage, the defense of usury was interposed by the mortgagor. At the time plaintiff took an assignment of the mortgage the mortgagor stated to him that "it was a good and *bona fide* mortgage." Plaintiff paid the amount secured to be paid by the mortgage, partly in cash, and the balance by discharging a bond of the assignor then owned and held by him. Upon the trial defendant claimed that the mortgage should only be sustained to the extent of the cash paid by plaintiff, and that as to the balance he should be remitted to his action on the bond of the assignor, which would be revived by the avoidance of the usurious mortgage.

*Held,* that the court below properly overruled this claim, and that the plaintiff was entitled to recover the full amount due on the mortgage. That as planitiff's assignor not being a party to the foreclosure suit, would not be concluded by the judgment therein, and might thereafter claim that the bond and mortgage were not usurious, that plaintiff should not be left to a doubtful remedy against his assignor.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to foreclose a mortgage, assigned to the plaintiff by the mortgagee. The defense was usury.

*H. B. Bradshaw,* for the appellant.

*Albert Smith.* for the respondent.

GILBERT, J.:

The plaintiff proved that before he purchased the bond and mortgage in controversy, he caused an inquiry to be made of Wood, the mortgagor, whether "it was a good and *bona fide* mortgage," and Wood was at the same time informed that the inquiry was made for the purpose of taking an assignment of the

mortgage. Wood answered the inquiry in the affirmative. This suit is one for the foreclosure of the mortgage. Wood set up the defense of usury, and upon the trial testified that the mortgage was usurious. No other evidence of usury was given. Wood also denied that he made the statement that the mortgage was good and *bona fide.* The court below found that the statement was made, and gave judgment for the plaintiff. We cannot reverse that finding.

The statement of Wood was manifestly designed to induce the plaintiff to purchase the bond and mortgage, and it had that effect. Upon principles of equity, therefore, Wood is concluded from denying the truth of his statement. (*Cont. Nat. B'k* v. *Nat. Bank of the Commonwealth*, 50 N. Y., 581, and cases cited.) It is argued that Wood's statement may be true, and yet that the bond and mortgage may be void for usury. That cannot be. A security which the law declares is illegal and void cannot be either good or *bona fide.* To be a good security it must be a valid one. We are of opinion that Wood was precluded from availing himself of the defense of usury.

The plaintiff is entitled to recover all that he paid for the assignment of the mortgage, but no more. (*Payne* v. *Burnham*, 62 N. Y., 69.) The testimony on this subject is rather loose, but it is fair to infer that the consideration of such assignment was the sum due on the mortgage, which was paid partly in cash and the residue by the satisfaction of a bond of the assignor for $1,700 or thereabouts, which the plaintiff held. The satisfaction of the assignor's bond was in contemplation of law equivalent to money, so that in fact the plaintiff has parted with a sum equal to the amount of the bond and mortgage.

It is claimed that Wood is entitled to have the bond and mortgage avoided to the extent of that part of the consideration which the plaintiff paid for the assignment thereof by discharging the bond of the assignor, for the reason that the assignment of a usurious mortgage does not constitute a valid consideration for such discharge, and that upon the avoidance of a usurious security the original indebtedness is revived. We think that the rule invoked should not be applied. It is applicable when a usurious mortgage has been given in payment or discharge of a pre-existing indebt-

edness against the mortgagor. (*Gerwig* v. *Sitterly*, 56 N. Y., 214.) But it could not be applied in a case of this kind without the risk of doing injustice, for the assignor of the bond and mortgage is not a party to this action. The avoidance of the bond and mortgage now would not be binding upon him. On the contrary he would have the right in any proceeding to enforce his liability upon his bond, to show that the bond and mortgage of Wood were not usurious. The plaintiff parted with a full consideration for the assignment of the bond and mortgage; he was induced by the representations of Wood to do so, and it would in our opinion be inequitable to substitute for the protection due to an innocent assignee a doubtful remedy against his assignor.

The judgment should be affirmed with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed with costs.