JOHN F. SMYTH, AS SUPERINTENDENT OF THE INSURANCE DEPARTMENT OF THE STATE OF NEW YORK, RESPONDENT, *v.* JULIA T. MUNROE, AND JAMES J. BELDEN, AS ASSIGNEE IN BANKRUPTCY OF ALLEN MUNROE, APPELLANTS, IMPLEADED, ETC.

*Assignment of mortgage— certificate of mortgagors as to the validity of the mortgage — when the assignee will be presumed to have relied thereon — when the mortgagors are estopped, by — when a married woman is estopped by.*

December 12, 1873, the defendants, Allen Munroe and Julia his wife, executed to an insurance company a mortgage for $40,000 upon land belonging to the wife. The mortgage was assigned by the company to the superintendent of the insurance department to procure the surrender to the company of $40,000 of government bonds which had been deposited by it with that department.

At the time the assignment was executed the said Allen Munroe and Julia his wife signed and acknowledged an instrument in which they stated that they were the owners in fee of the land described in the mortgage ; that they consented to the assignment of the mortgage to the superintendent of the insurance department ; that the whole amount named therein, with interest from its date, was unpaid, and that there was "no offset to, or legal or equitable defence against the same."

In an action to foreclose the mortgage the said Munroe and wife, and the assignee in bankruptcy of Munroe, set up the defence of usury.

*Held,* that as the statement signed by Munroe and wife had been made to the superintendent of the insurance department, in view of and for the purpose of the assignment to him, and in pursuance of the usual custom shown to have been adopted by that department in taking assignments of mortgages, it was to be presumed that the superintendent acted on the faith of the representation as an essential element in the transaction.

That as the certificate contained a consent to this particular assignment of the mortgage, the signers were chargeable with, and could not deny knowledge of the use which was made of it.

That the defendants were estopped by it from setting up the defence of usury as against such assignee.

Such a certificate signed by a married woman is to receive the same construction, and may be as much relied upon as that of her husband, by parties dealing with the security to which such certificate or representation relates.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*George N. Kennedy,* for the appellants.

*Beach & Brown,* for the respondent.

TALCOTT, P. J. :

This is an action to foreclose a mortgage upon land of which the defendant, Julia T. Munroe, is the owner in fee. The mortgage was made December 12, 1873, to the New York State Life Insurance Company, to secure the sum of $40,000, loaned to Allen Munroe, the husband of said Julia T. who, together with Belden, the assignee in bankruptcy of Allen Munroe, were the only parties who answered the complaint, and whose answers severally set up the defence that the mortgage was made upon a usurious contract and consideration.

The mortgage was by the Life Insurance Company transferred and assigned unto Orlow W. Chapman, the predecessor in office

of the plaintiff, as such superintendent, and in consideration of such transfer and assignment, the said Life Insurance Company received from the said superintendent $40,000 in government bonds, which had theretofore been deposited in the insurance department as security to policyholders, in pursuance of law, and in place of $40,000 at the par value of the said bonds, the said mortgage with a bond accompanying the same was substituted, and was thereafter held as security for the policyholders of the said company pursuant to the statute in such case provided. Simultaneously with the execution of the assignment of the said bond and mortgage to the superintendent of the insurance department the said Allen Munroe and Julia T. Munroe executed an instrument, as follows:

" The undersigned, mortgagor or mortgagors in the mortgage above mentioned, and the present owner or owners in fee of the mortgaged premises, do hereby consent to the assignment of the said bond and mortgage to the superintendent of the insurance department of the State of New York, and do hereby certify and agree that there is now unpaid and due or to become due, on said bond and mortgage the principal sum of forty thousand dollars, with interest thereon from the 12th day of December, 1873, and there is no offset to, or legal or equitable defence against the same.

" Dated this 12th day of December, 1873.

" ALLEN MUNROE.

" JULIA TOWNSEND MUNROE."

Which said instrument was duly acknowledged on the day of its date, before a notary public of Onondaga county.

This instrument, with the acknowledgment thereof, appeared upon the same paper upon which the assignment from the life insurance company to the superintendent of the insurance department was written or printed. The defence of usury as between the life insurance company and the mortgagors was clearly established by the evidence. But the justice before whom the cause was tried at the Special Term held that Allen Munroe, Julia T. Munroe, and James J. Belden, the assignee in bankruptcy of Allen Munroe, were estopped from setting up that defence by reason of the representation and agreement as to the

facts which was signed by the said Allen and Julia T., and that the plaintiff was entitled to a judgment for a foreclosure of the said mortgage to collect the amount of the principal and accrued interest mentioned therein.

It is the well settled law of this State that such a statement as is contained in the written certificate or representation signed by Allen Munroe and Julia T. Munroe, made for the purpose of inducing a purchaser to believe the statement to be true, and to the effect that the bond and mortgage therein mentioned were, in fact, as stated in said certificate and representation, not subject to any defence, legal or equitable, and in case the assignee, confiding in the truth of the said statement, advances any valuable consideration on taking such assignment, then the mortgagor and all persons claiming through him are, by force of the certificate and statement, estopped from asserting the actual fact to be different from the representation, and this is upon the familiar doctrine of *estoppel in pais.* And for this reason the parties bound by the estoppel are prevented from availing themselves of the benefit of the defence of the statute of usury, as well as of other defences covered by the representation. (*L'Amoreux* v. *Vischer*, 2 Comst., 278; *Real Estate Trust Co.* v. *Seagreave*, 49 How., 489; *Payne* v. *Burnham et al.*, 62 N. Y., 69.)

The counsel for the defendants requested the court to find the facts constituting the usury, which the court refused to find.

Also, that the superintendent of the insurance department did not rely upon the statements in the certificate contained, and was not influenced thereby in taking the assignment of the bond and mortgage, and in paying therefor. Also, that the said superintendent, at the time he took the assignment of the said bond and mortgage, was informed, or had sufficient knowledge to put him upon inquiry, of the true consideration upon which the bond and mortgage had been made to the life insurance company. The court also refused to find either of said propositions as requested.

The court properly refused to find the facts constituting the usury, if the defendants were by the said certificate estopped from setting up those facts as a defence to the action.

The court also properly refused to find that the superintendent did not rely upon the statements in the certificate. The statement

having been made to him in view of and for the purposes of the assignment to the superintendent of the insurance department, and in pursuance of the usual custom shown to have been adopted by that department in taking assignments of mortgages, it is to be presumed that he acted on the faith of the representation as an essential element in the transaction, and there was no evidence to counteract this presumption.

The court also properly refused to find that the superintendent had notice of the true consideration of the bond and mortgage as between the mortgagors and the life insurance company. Or, that he had sufficient knowledge of the transaction to put him upon inquiry. There was no evidence upon which such a finding could have been sustained.

Among other findings of fact the court did find, " that at the time the said Julia T. Munroe executed the said certificate *she* had no knowledge of the purpose for which it was required, or that it was to be used in any manner whatever, and that in the absence of of such knowledge she signed the same at the request of her said husband, and without any knowledge or information of the use which was to be made of the same."

This finding of fact seems to be without any evidence to support it, and appears to be contrary to the evidence. The certificate contained a consent to this particular assignment to the superintendent of the insurance department, and the signers thereof were chargeable with notice that such was the use to be made of the bond and mortgage, and the certificate was attached to the assignment itself. Mrs. Munroe was not examined as a witness, and her knowledge of the purpose of the certificate is only to be inferred from the contents of the certificate itself, and from the surrounding circumstances. These all imported that the design of the certificate was to induce the superintendent of the insurance department to take an assignment of the mortgage in reliance upon the statement that there existed no legal or equitable defence thereto, and the surmise that Mrs. Munroe was ignorant of the purpose of the certificate seems to have been founded, not so much upon the legal evidence in the case as upon the assumption that married women in relation to such transactions trust the business to their husbands, and neglect to inform themselves

of the object and purpose of business transactions, which are shown by the result to have largely involved their own individual interests.

A married woman may be estopped by such a certificate (*Payne* v. *Burnham, supra*), and there would be no safety in allowing her to set up her ignorance of the object and purposes of such an instrument, in the absence of any fraud committed on her by misrepresentation, or otherwise, if innocent parties could not rely upon the simple statements of fact contained in it. We think the certificate of a married woman under such circumstances is to receive the same construction, and may be as much relied upon as that of her husband, by parties dealing with the security to which the certificate or representation relates.

Though we think the finding in this case referred to is not sustained by, but is contrary to the legal import and effect of the evidence, still it made no difference in the result of the case, as notwithstanding such finding, the court arrived at the conclusion that Mrs. Munroe was estopped by the certificate from setting up the defence of usury against the mortgage. The counsel for the appellant claims that there was no evidence that the certificate of the mortgagors was ever shown to the superintendent of the insurance department, or that he knew of its existence at the time he took the assignment of the bond and mortgage. The finding of the court of the fact is contrary to this claim, and we think the evidence clearly established the truth of the finding. The certificate was on the same paper with the assignment, and the evidence shows that all the papers were delivered together at the insurance department.

The judgment should be affirmed, with the costs of the appeal.

Present — TALCOTT, P. J., and SMITH, J.; HARDIN, J., not sitting.

Judgment affirmed, with costs.