LAWSON JONES, RESPONDENT, v. JULIA T. MERRITT,. APPELLANT, IMPLEADED, &c.

*Married women—when personally liable for any deficiency arising on the sale of mortgaged premises.*

The defendant, J. K. Merritt, owning a piece of land, upon which was a mortgage for $1,500, and his wife, owning, as her separate estate, another piece upon which was a mortgage for $2,200, joined in executing a mortgage upon the two pieces, to secure the payment of their joint bond for $4,000, the amount procured thereby being applied to the payment of the two mortgages.

In an action brought to foreclose the mortgage, *Held*, that as part of the money went for the benefit of her separate estate, a personal judgment for any deficiency that might arise on the sale was properly rendered against her.

APPEAL from a judgment for deficiency against defendant,. entered at Special Term.

The action was brought to foreclose a mortgage for $4,000, given by the defendants, Merritt, to the plaintiff. Neither the bond nor the mortgage contained any covenant or clause expressly charging the separate estate of the defendant, Julia T.. Merritt, with the payment of the money loaned.

*Geo. W. Van Siclen*, for the appellant.

*C. A. S. Van Nostrand*, for the respondent.

DYKMAN, J. :

This action is for the foreclosure of a mortgage executed by the defendant, Merritt, and his wife, on two parcels of land, one of which belonged to Merritt, and one to his wife, as her separate property. On the husband's lot there was a mortgage of $1,500, and on the wife's lot there was a mortgage of $2,200, and the money procured on the mortgage in foreclosure was used and appropriated to pay and discharge both of those mortgages. A judgment has been given in this action to foreclose the mortgage, and for deficiency against the wife ; to this latter direction the wife objects, and whether a judgment can be entered against her individually is the question presented by this appeal.

The mortgage was made for the benefit of her separate estate, and she expressly charged its payment thereon by the execution thereof. $2,000 of the money was ·applied to the payment of her· debt charged on her land, and to .that extent her separate estate was benefited by the transaction. If. all the money procured on. this mortgage had been paid over to the husband, and appropriated by him for his own use and benefit, then her separate property covered by the mortgage would have been bound, and no more, and there could have been no personal judgment permitted against her for deficiency. (*Payne* v. *Burnham*, 62 N. Y., 74.) As part of the money went for the benefit of her separate estate, a personal judgment for deficiency against her is proper.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred ; GILBERT, J., not sitting.

Judgment affirmed, with costs.