FREDERICK W. MILLER *et al.*, as Executors of the Last Will and Testament of Christopher Miller, Deceased, Appellants, *against* SAMUEL ZEIMER *et al.*, Respondents.

(Decided May 18th, 1883.)

In an action by executors for fraud in inducing their testator to purchase a worthless bond and mortgage, the complaint alleged that, on the trial of an action to foreclose the mortgage, the justice presiding found, as a conclusion of fact, that the bond and mortgage were invalid, and that they were purchased by plaintiffs' testator because of and relying upon the fraudulent representations of defendants. The answers of defendants alleged that the decision in that action was that plaintiffs' testator was entitled to recover on the bond and mortgage a certain sum, which was less than the amount of their face, and prayed leave to refer to the decision. *Held,* that although these answers were not offered as evidence, plaintiffs might give in evidence the justice's findings, to show that the mortgage was held to be invalid, but by virtue of an estoppel against defendants in favor of plaintiffs' testator, he was entitled to enforce the security for the amount recovered by him, which was the sum he had paid for the bond and mortgage, with interest; and that fraud on the part of the defendants, in inducing him to purchase the securities as valid for their face, being established by the pleadings and proofs, plaintiffs were entitled as damages to the difference between their actual value and their value as represented by defendants.

It further appeared that plaintiffs had received from the mortgagor the amount recovered by their testator in the foreclosure suit, with costs and allowance, and had discontinued that action, and, at the request of the mortgagor, had assigned the bond and mortgage to a third party. *Held,* that this did not affect plaintiffs' right of action for damages for the fraud, even as against the mortgagor.

APPEAL from a judgment of this court entered on the dismissal of a complaint.

The action was brought to recover damages for alleged fraud and conspiracy, by which defendants induced the plaintiffs' testator, Christopher Miller, to purchase for $13,600 a bond and mortgage for $15,000, which mortgage, upon said Miller's attempting to foreclose the same, was held to be invalid, and upon which he recovered only the sum he had paid therefor, to wit, $13,600. The plaintiff claimed as damages $1,400, the difference between the face of the mortgage and the sum he paid for it, and interest thereon and his counsel fees in the foreclosure action. At the trial the complaint was dismissed, and judgment for defendants was entered thereupon. From the judgment plaintiffs appealed.

*E. Beneville*, for appellants.

*A. R. Dyett*, for respondents.

.J. F. DALY, J.—[After stating the facts as above.]—On the trial the plaintiff read in evidence the findings or decision of Justice VAN VORST in the action of Christopher Miller against Samuel Zeimer to forclose the mortgage. The defendants, in their respective answers, prayed leave to refer to that decision, to show that Christopher Miller was entitled to recover only the sum of $13,600 on the bond and mortgage, and was not entitled to recover any part of the difference between that sum and the amount of the mortgage.

The plaintiffs had set out in their complaint that the justice found as a conclusion of fact that the bond and mortgage were invalid and that the same were purchased by said Miller because of and relying upon the fraudulent representations of the defendants. As no decree or judgment had been entered upon the findings or decision of the justice, they could not be admitted as evidence of the

alleged fraud in support of plaintiffs' case ; but as the de-
fendants had pleaded such decision as evidence that plaintiffs
had no right to recover more than $13,600 on the bond and
mortgage and had prayed leave to refer to the decision to
make such proof, plaintiffs had the right to the benefit of
the decision as evidence to establish the fact that in attempt-
ing to foreclose the mortgage it was held to be invalid; but
by virtue of an estoppel against defendants in favor of
Miller, the holder, he was entitled to enforce the security
for the sum he parted with for it, *viz.*, $13,600, but not for
the face of the mortgage, $15,000 (*Paine* v. *Burnham*,
62 N. Y. 73).

By this proof it was thus established that Miller had
suffered damage to the extent of $1,400, the difference be-
tween the amount of the bond and mortgage and the sum
he had paid for it; and it only remains to be seen, as far as
the question of fact in the case is concerned, whether he
had established fraud on the part of defendants inducing
him to purchase the securities as valid for their face. If he
had, then he was entitled as damages to the difference
between their actual value and their value as represented
by defendants (*Hubbell* v. *Meigs*, 50 N. Y. 480).

The proof introduced by plaintiffs independently of the
decision of the justice, was : 1st. The mortgage in
question made by the defendant Samuel Zeimer to the
defendant Solomon Stransky, dated June 15th, 1876, to
secure the sum of $15,000, payable as follows: $1,500 on
June 15th, 1877, and the balance on June 15th, 1878, with
interest at seven per cent. payable half yearly.

The mortgage was recorded in the office of the Register
of the city and county of New York, July 5th, 1876, in
liber 1283 of mortgages, page 379.

2d. An assignment of said mortgage and the bond accom-
panying the same, executed by defendant Stransky to·
Christopher Miller, plaintiffs' testator, dated June 15th,
1876, acknowledged before the defendant E. R. Raubit-
schek, notary public, on July 6th, 1876, and recorded July
6th, 1876.

3d. The complaint of said Miller in his action to foreclose the mortgage, and the answer of the mortgagor, Samuel Zeimer, therein, setting up want of consideration as between himself and the mortgagee, Stransky, for the mortgage, and that the same was made to be sold at an usurious rate of interest to plaintiff, and setting up the defense of usury.

4th. A written statement dated June 20th, 1876, of defendant Stransky, the mortgagee, that the mortgage was *bona fide*, and that he was the lawful owner and holder thereof, and authorizing Raubitscheck to offer the same in the market for sale at a discount of $1,700.

5th. An affidavit of Samuel Zeimer, the mortgagor, sworn to on July 6th, 1876, before Raubitscheck as notary, setting forth that the mortgage is a valid and subsisting lien for the amount thereof, being fifteen thousand dollars, with the interest thereon from the fifteenth day of June, 1876, and that the full amount of said mortgage has been received by deponent, and that the full amount thereof is still unpaid and owing by him with the interest from June 15th, 1876.

6th. A certificate in writing signed by said Samuel Zeimer dated July 6th, 1876, witnessed by Raubitscheck, and acknowledged before him as notary on the same day, to the same effect as the foregoing affidavit, and further certifying that there are no equities, offsets or defenses against the mortgage and that the same is free from all taint of fraud or usury.

The plaintiffs' complaint in this action charged that the affidavit and certificate last specified were not executed nor verified by Samuel Zeimer, but by the defendant Henry Zeimer in the name of Samuel Zeimer, and that defendants Raubitscheck and Stransky knew that fact.

None of the defendants in their answers in this action deny the facts so alleged by plaintiffs; but they deny that the acts were done in performance of any scheme or conspiracy or fraud or were done with fraudulent intent. Henry and Samuel Zeimer set up, besides, that Samuel Zeimer always admitted the certifiate or affidavit to be his act

in law and equally valid and binding on him as if these acts had been his personal acts.

Leaving out of consideration the findings or decision of Justice VAN VORST, these proofs and pleadings showed that the defendants concurred in representing the mortgage to be a valid security for its face; that Henry Zeimer with the knowledge of the other defendants personated Samuel Zeimer, the mortgagor, in making an affidavit and executing a certificate to the same effect; and that Raubitscheck knowingly took the affidavit and acknowledgment of Henry so personating Samuel.

The plaintiffs called L. P. Kircheis, whose testimony showed that Raubitscheck negotiated the sale of the mortgage and represented that the amount of it had been paid; also that the mortgage was bought by Miller on the strength of the representations of the defendants.

This was *prima facie* proof of fraud. The representations were proved, and the falsity of them was shown by the findings or decision referred to by defendants themselves to show that only $13,600 and no more could be recovered on the mortgage and then only by virtue of the estoppel worked by the representations. It was for defendants to show, if they could, that the representations were innocently made. They offered no evidence on that point.

It was proved, however, that the plaintiffs had received from Samuel Zeimer the $13,600 found to be due by the decision in the foreclosure action with costs and allowance, and had discontinued the action and assigned the bond and mortgage at the request of Samuel Zeimer to one Mrs. Moss.

It was urged by the counsel for defendants that this assignment destroyed the right to recover. The right of action for damages sustained by the fraud was not affected by the assignment of the bond and mortgage. The vendee induced to purchase property which is less valuable than it is fraudulently represented to be by the vendor, may retain it or sell it for what he can get, and sue the vendor for the damage he has sustained by the fraud.

It is, however, urged that as against Samuel Zeimer, the

Miller *v.* Zeimer.

mortgagor and obligor, this rule does not apply, because Mrs. Moss, to whom his bond and mortgage has thus been assigned by Miller, may sue him upon the bond, or may foreclose the mortgage and recover or enforce the whole face of the security against him; so that if these plaintiffs be allowed to recover damages for the fraud he will have to pay $1,400 twice over. To this it may be answered that the bond and mortgage were assigned to Mrs. Moss at Samuel Zeimer's request, as he expressly avers in his answer, and that he and not she paid the consideration for the transfer, *viz.*: the amount of principal and interest found due by the decision. It is not the same therefore, as a sale to a *bona fide* purchaser by the plaintiffs, but is a mere transfer to a third party for the convenience of Samuel Zeimer, the debtor and fraudulent vendor.

The plaintiffs should have recovered in this action for the $1,400 and interest.

A new trial should be ordered, with costs to plaintiffs to abide event.

VAN HOESEN, J.—I concur in the result, but do not concur in the observation that the answers of the defendants made the findings of Judge VAN VORST evidence in the cause. Those answers were not offered in evidence, but if they had been received, it may well be that they would have carried the findings in with them. The complaint was dismissed as to all the defendants. This was not proper. Independently of the findings, the admissions in the pleadings and the testimony made a case against some of the defendants.

BEACH, J. concurred.

Judgment reversed and new trial ordered, with costs to plaintiffs to abide event.