GOTTLIEB GRISSLER et al., Appellants, v. HOLLIS L. POWERS, Impleaded, etc., Respondent.

As a general rule an estoppel, created by a false representation acted upon, is commensurate with the thing represented, and operates to put the party entitled to the benefit of the estoppel in the same position as if the thing represented was true.

When the representation is made on the sale of a security the remedy of the purchaser is not limited to a recovery simply of the money advanced, if he would have received a benefit beyond that had the fact been as represented.

B. executed to N., without consideration, a bond and mortgage for $20,000, which defendant P. purchased for $16,600, upon the faith of an affidavit made by B. to the effect that the consideration expressed was the true consideration ; B. afterward sold the mortgaged premises subject to the mortgage, which the purchaser assumed, and defendants sold and assigned the securities for their face. Plaintiffs, as judgment creditors of B., brought this action to reach the excess of the proceeds of sale, over the amount paid by P. for the securities, on the theory that the excess was held under an implied trust for B., and that P. was bound to account to him therefor. No question of usury was raised. *Held*, that the action was not maintainable ; that B. was estopped by the statements in his affidavit from denying their truth ; and that the effect of the estoppel was not limited to the mere purpose of protecting P. to the extent of the money advanced by him.

*Payne* v. *Burnham* (62 N. Y. 69), and *Freeman* v. *Auld* (44 N. Y. 50), distinguished.

(Argued April 8, 1880 ; decided April 20, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of defendant Powers, entered on a decision of the court on trial at Special Term.

This action was brought by plaintiffs as judgment creditors of defendant Browning, after return of execution unsatisfied, to have a trust declared in and to require defendant Powers to account for the excess of a sum received by him on sale of a bond and mortgage over the sum paid by him therefor. Defendant Powers alone appeared and answered.

The court found, in substance, that in 1868 Browning incurred an indebtedness to plaintiffs, upon which the latter recovered two judgments, one in 1869 and the other in 1875, upon which executions were issued and returned unsatisfied. In August, 1868, Browning executed and delivered to one Stuyvesant the bond and mortgage in question, without consideration, for the nominal sum of $20,000. Stuyvesant, in October, 1868, assigned the said securities to defendant Powers for the sum of $16,600. Powers purchased upon the faith of, and in reliance upon, an affidavit made by Browning and Stuyvesant, to the effect that the nominal consid-

eration was the true consideration. Browning, in November, 1866, sold and conveyed the mortgaged premises, subject to the mortgage which the grantee assumed and agreed to pay. The interest was paid to Powers upon the bond and mortgage up to August 22, 1871, on which day he sold and assigned them for $20,000 cash.

*John J. Townsend* for appellants. The bond and mortgage had only the validity it acquired on October 3, 1868, to the extent of $16,600, when that sum was paid by Powers. (*Schaefer* v. *Reilly*, 50 N. Y. 61, 69; *Barnard* v. *Campbell*, 55 id. 457, 461.) The mortgage was not made good for $20,000 by Powers' belief in Browning's sworn statement as to the consideration. (*Merril* v. *Tyler*, 2 Seld. Notes, 47; *Sealey* v. *Johnson*, 41 Barb. 359; *Payne* v. *Burnham*, 62 N. Y. 69.) Powers was a trustee *pro tanto*. (*Parish* v. *Wheeler*, 22 N. Y. 511; *Freeman* v. *Auld*, 44 id. 50, 56; *Ritter* v. *Phillips*, 53 id. 586; *Parkinson* v. *Sherman*, 74 id. 88.) All property received without consideration is received in trust and the holder is accountable. (*Rice* v. *Peet*, 15 Johns. 503, 504; *Eno* v. *Woodworth*, 4 N. Y. 249, 252; *Payne* v. *Burnham*, 62 id. 74.)

*Thomas V. Cator* for respondent.

ANDREWS, J. This action is without precedent, and cannot be maintained upon principle. The plaintiffs stand in the shoes of Browning, the mortgagor, and the case may be treated as if it was an action brought by him to compel the defendant to account for $3,400, the difference between the face of the mortgage and the sum for which the defendant purchased it.

The plaintiffs cannot recover upon any right of action arising under the usury statute. The question of usury was not presented by the pleadings, and there is no finding, or request to find, that the mortgage was usurious. Besides if Browning could, under any construction of the transaction, be deemed to

have paid the $3,400, as usury, so as to bring him within the provisions of 1 R. S., part 2, ch. 4, tit. 3, § 3, which gives to any person who has paid for the loan or forbearance of money, any greater sum than the legal interest, an action to recover back the excess, no action having been brought by him, or his representatives within one year after the execution of the mortgage, or the sale thereof by Powers, the statutory liability is barred.

The plaintiffs claim to maintain the action upon the theory that Powers having paid but $16,600 for the mortgage, and having sold it for the full sum secured thereby, and received the whole purchase-money, holds the excess beyond the $16,600, in trust for Browning, and is bound to account to him therefor. The plaintiffs ask the court to imply a trust between the parties, contrary to the intention of both, and in face of the fact that Powers took the mortgage upon the faith of Browning's sworn statement, made at the time, that it was given for a full consideration. The supposed trust, if established, would deprive the defendant of the advantage of the bargain, into which he was induced to enter by the false statement of Browning. We know of no principle of equity which authorizes the implication of a trust under such circumstances. Trusts may be and often are implied, to prevent fraud and injustice, and for the protection of innocent parties. But Browning stands in no position to call upon a court of equity to disregard his solemn assurance to Powers, that the mortgage was given upon a full consideration, and to award him an interest in the security or its proceeds which he not only did not reserve, but which he intended to vest in Powers.

Browning's representation estopped him from denying its truth, and the effect of the estoppel is not limited to the mere purpose of protecting Powers to the extent of the money which he advanced. The case of *Payne* v. *Burnham* (62 N. Y. 69) does not justify such a limitation of the effect of the estoppel. The court held in that case that in an action to foreclose a mortgage taken by the plaintiff in reliance upon the assurance of the mortgagor that it was a valid instrument, but which was in fact

usurious, the mortgagee could enforce it only for the amount paid, and that the operation of the estoppel was restricted to the purpose of indemnity for the money actually advanced, and the mortgage was permitted to be enforced only for that sum. But the principle of that case has no application to the case here. A mortgage or other security affected with usury is void by the statute. But the court held that a mortgagor who has induced another to take a mortgage upon his assurance. that the mortgage is valid is estopped from alleging the usury, so as to deprive the purchaser of a remedy to the extent necessary for his reimbursement. Beyond that point, however, the estoppel will not be allowed to extend. The whole security being void, equity will not extend the estoppel to protect the purchaser beyond the sum advanced. As to any sum beyond that, the statute operates, and the security is void.

In this case the usury statute is not in the way, and we are of opinion that as a general rule, the estoppel created by a false representation acted upon, is commensurate with the thing represented, and operates to put the party entitled to the benefit of the estoppel in the same position as if the thing represented was true, and that when the representation is made on the sale of a chattel or security, the remedy of the purchaser is not limited to a recovery simply of the money advanced, if the purchaser would receive a benefit beyond that, if the fact had been as represented.

The case of *Freeman* v. *Auld* (44 N. Y. 50) gives no support to the appellant's claim, that a trust in favor of Browning was raised by the transaction in question. In that case the defendant, who was the grantee of the mortgagor, took his conveyance subject to the mortgage, the whole amount of which was reserved by the grantee out of the purchase-money for the payment of the mortgage. The defendant clearly had no equity to claim that the land should not be charged with the lien of the mortgage to the full amount. The mortgage was for a larger sum than was advanced by the mortgagee, but the mortgagee took it to secure only the sum advanced. If the mortgagee had subsequently advanced to the mortgagor the

balance of the mortgage, there could be no question of the right of the mortgagee to enforce it for the full amount. This, in substance, was what was done by the assignees of the mortgage. They paid the sum originally advanced by the mortgagee, and took an assignment of the mortgage at the request of the mortgagor, and afterward, by agreement with him, credited the mortgagor on his indebtedness to them with a sum which, together with the sum paid on taking the assignment, amounted to the full face of the mortgage. The mortgage then stood as a valid security to them for its full amount.

The court in disposing of the case put the decision in part at least upon the ground that under the circumstances the original mortgagee held the mortgage for its own benefit to the amount advanced by the mortgagee thereon, and as trustees for the mortgagors for the balance. We see no reason for questioning the soundness of this view, but it does not aid the plaintiffs. The trust in the case cited was raised to carry out the intent of the transaction, and to prevent injustice.

We think the judgment in this case should be affirmed.

All concur but RAPALLO, J., not voting.

Judgment affirmed.