FREDERICK W. MILLER et al., Executors, etc., Respondents, *v.* SAMUEL ZEIMER et al., Appellants.

While the innocent purchaser of a usurious security, when the purchase was induced by fraud, may enforce the security against the maker if he is privy to the fraud, to the extent of the money paid by such purchaser, or may rescind and recover back that sum, with interest, the policy of the usury laws requires a limitation to that amount, and he cannot in any form of action recover more.

Where, therefore, a bond and mortgage was executed without consideration, and M., plaintiffs' testator, purchased the same for less than its face, but in good faith and in reliance upon representations on the part of the mortgagor and mortgagee that the securities were valid, given upon a full consideration and free from usury, and where, in an action to foreclose the mortgage the judgment decreed a sale but only to satisfy the sum actually advanced, *held*, that an action was not maintainable against the mortgagor and mortgagee to recover, because of the fraud, the difference between the value of the mortgage as represented and its actual value to the assignee.

(Argued October 24, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 4, 1885, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

This action was brought by plaintiffs as executors of the will of Christopher Miller, deceased, to recover damages alleged to have been sustained by him by reason of a criminal scheme and conspiracy "entered into by defendants" for the purpose of borrowing and obtaining money on worthless securities.

The pleadings alleged, in substance, and it appeared that defendant, Samuel Zeimer, executed without consideration and delivered to defendant Stransky his bond and mortgage for the sum of $15,000, which securities were put into the hands of defendant Raubetscheck to be sold at a discount. Both Zeimer and Stransky signed writings to the effect that said securities were valid, given for a full consideration; that there were no equities or defenses against the same, and that they were free from usury. Relying upon said representations, said plaintiffs' testator purchased and took an assignment of said securities, believing them to be valid, paying therefor $13,600. The bond and mortgage not having been paid when due, Miller brought an action to foreclose the same, in which the mortgagor set up as a defense that the securities were usurious. It was so adjudged, but it was held that, to the extent of the consideration paid for the transfer, the mortgagor was estopped by his declarations and a sale was directed for that amount, with interest. This amount, with the costs, was paid by Zeimer.

Plaintiffs claimed to recover as damages for the fraud the difference between the amount so paid and the face of the securities, with interest, and also counsel fees incurred in the foreclosure.

*A. R. Dyett* for appellants. The test of assignability of a cause of action is whether it would survive to personal representatives. (*Bixby* v. *Wood,* 24 N. Y. 607; *Zabraskie* v. *Smith,* 13 id. 329.) The bond and mortgage, with all the cause of action in the complaint, which was based upon and grew out of the assignment thereof to the testator, was so inseparably connected therewith that the one could not exist without the other, and when the bond and mortgage were assigned to Mrs. Moss, she became the owner of the principal debt and entitled, as an incident, to the damages claimed in the complaint, if anybody was entitled thereto, and the cause of action in the complaint was extinguished in the plaintiffs. (*Spars* v. *Mayor, etc.,* 10 Hun, 160, 163, 164; *Langdon* v. *Buel,*

9 Wend. 80, 84; *Parmlee* v. *Dann*, 23 Barb. 461; *Craig* v. *Partis*, 40 N. Y. 181; *Patterson* v. *Hull*, 9 Cow. 747; *Bowdoin* v. *Colma*, 6 Duer, 182; *Gallararty* v. *Orser*, 4 Bosw. 94; *McMahon* v. *Allen*, 35 N. Y. 403, 408; *Allen* v. *Brown*, 44 id. 228; *Gerwig* v. *Sitterly*, 56 id. 214; *Campbell* v. *Birch*, 60 id. 214; *Bolen* v. *Crosby*, 49 id. 183; *Jackson* v. *Blodgett*, 5 Cow. 202.) The bond and mortgage having been assigned to Mrs. Moss at the request of plaintiff's testator, he would be estopped from setting up usury. (*Barnett* v. *Zacharias*, 24 Hun, 304; 89 N. Y. 637.) The plaintiff's testator received from Samuel Zeimer the full amount paid for the bond and mortgage, with interest and costs, and that was all he could recover as damages for the fraud alleged in the complaint. (*Webb* v. *Odell*, 49 N. Y. 583; *Littauer* v. *Goldman*, 72 id. 510; *Ross* v. *Terry*, 63 id. 613; *Take* v. *Smith*, 7 Abb. [N. S.] 106; *Whitney* v. *Nat. Bk. of Potsdam*, 45 N. Y. 303; *Payne* v. *Burnham*, 62 id. 72.) When a party is induced by fraud to enter into a contract, he has two remedies, to rescind it and recover the consideration, but no more, or to affirm it and recover damages for the fraud. (*Bowers* v. *Mandeville*, 95 N. Y. 239, 240; *Webb* v. *R. W. & O. R. R. Co.*, 49 id. 426; *Ryan* v. *N. Y. C. R. R. Co.*, 35 id. 215; *Penn. R. R. Co.* v. *Kerr*, 62 Penn. St. 353, 368.) Fraud, by which a party is induced to enter into an illegal contract, does not constitute a cause of action for damages sustained thereby. (17 Barb. 397, 406; 7 Wend. 276, 280; 11 Wheat. 258; 10 Barb. 369, 370; 15 Wend. 412, 415; *Thalimer* v. *Brinckerhoff*, 20 Johns. 386, 398; *Nellis* v. *Clark*, 4 Hill, 429; *Seneca Co. Bk.* v. *Lamb*, 26 Barb. 601; 2 Pet. 257; *Rea* v. *Smith*, 19 Wend. 291; *Gray* v. *Hook*, 4 Comst. 459; *Peck* v. *Burr*, 10 N. Y 298; *Haynes* v. *Webb*, 102 id. 372–376; *Schiffer* v. *Dietz*, 83 id. 300, 308.) The court correctly charged that plaintiffs could not recover unless they proved the conspiracy and fraud set forth in the complaint, and upon which the action was based. (*Barnes* v. *Quigley*, 59 N. Y. 267; *Ross* v. *Mather*, 51 id. 110; *Beach* v. *Eager*, 3 Hun, 610; *Bernard* v. *Seligman*, 54

N. Y. 661; *Miner* v. *Beekman*, 50 id. 337, 341; *Walter* v. *Bennett*, 16 id. 253, 254; *Degraw* v. *Elmore*, 50 id. 4, 5; *McMichael* v. *Kilmer*, 76 id. 40.)

*Emile Beneville* for respondents. The defendants' contention at the trial that, because the cause of action was founded in tort, it accrued to the plaintiffs' testator, but did not survive and pass to the plaintiffs, is erroneous. (3 R. S. [6th ed.] 732; *Haight* v. *Hayt*, 19 N. Y. 464; *Johnston* v. *Bennett*, 5 Abb. [N S.] 331.) The cause of action for the fraud did not pass to Mrs. Moss with the assignment of the bond and mortgage. (*Hubbell* v. *Meigs*, 50 N. Y. 480.) The jury having, by their verdict, found, upon conflicting evidence, the fraudulent combination and false representations of the defendants, the plaintiffs' testator's reliance thereon and his consequent purchase of the bond and mortgage, their finding is final and will be upheld. (*Hayes* v. *Thompson*, 2 Hun, 518; *Chaffee* v *Morse*, Id. 602; *Knapp* v. *Roche*, 62 N. Y. 614.) In actions for fraud and deceit, substantial damages are recoverable. (*Hart* v. *Ten Eyck*, 2 Johns. Ch. 62; 1 Caine's Eq. 97; 3 Burr. 13, 63; 2 Black. 902; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Stiles* v. *White*, 11 Metc. 380; *Libby* v. *Hurlbut*, 15 Gray, 509.)

ANDREWS, J. The transaction, although in form a mortgage, was, nevertheless, in contemplation of law a loan of money to the extent of the consideration advanced, the mortgage not having had any inception until its transfer to the plaintiff's testator. The mortgage was void for usury by force of the statute, notwithstanding the purchaser was innocent and had no intent to enter into a usurious transaction, but purchased the mortgage, supposing that it was a *bona fide* and valid security. (*Bennet* v. *Smith*, 15 Johns. 354; *Brooks* v. *Avery*, 4 N. Y. 226; *Hall* v. *Earnest*, 36 Barb, 585, and cases cited.) But the plaintiff's testator having been induced to purchase the mortgage upon the false and fraudulent representations of both the mortgagor and mortgagee, that it was a valid security given upon a full consideration, free from usury, they

were estopped from setting up this defense. This has now become the settled rule, although the doctrine was established with some hesitation, and there is some ground for supposing that it trenches upon the policy of the usury laws by inducing purchasers to forbear inquiry, relying upon certificates, which have become a common assurance attending the transfer of securities. But the courts have limited the effect of the estoppel in such cases to the purpose of indemnifying the purchaser for the money actually advanced, with interest, and they refuse to permit him to enforce the security to recover the usurious profits or premium in the transaction. (*Payne* v. *Burnham*, 62 N. Y. 69.) The law was so applied in the former action for the foreclosure of the mortgage brought by the plaintiff's testator. The judgment decreed that the land should be sold to satisfy the sum advanced on the purchase of the mortgage, excluding any allowance for the usurious excess, thereby depriving the transferee of the benefit of his bargain to that extent. The present action was subsequently brought for the deceit, and the plaintiffs seek to recover as damages the difference between the value of the mortgage, as represented, and its actual value to the plaintiff's testator. In short, by changing the form of action, the plaintiffs seek to recover the sum which their testator was precluded from recovering in the action on the contract. The general rule undoubtedly is that gains prevented, as well as actual loss incurred, may be recovered as well in an action for false representations as for breach of contract, so far as they are the natural and proximate result of the wrong. (*Grissler* v. *Powers*, 81 N. Y. 61.) The case of *Payne* v. *Burnham* (*supra*) proceeded upon special grounds, not applicable in ordinary cases of contract, and the recovery was limited because the policy of the usury statute seemed to require such a limitation. We think the same policy requires the same limitation here. If the plaintiffs are permitted to recover, they secure the benefit of the usury, which in an action on the contract was denied. There are no authorities in point on the briefs

of counsel, and none, perhaps, can be found directly applicable. The vice-chancellor, in *Holmes* v. *Williams* (10 Pai. 332), refers to a somewhat similar question, but expresses no definite opinion. We think the reasoning in *Payne* v. *Burnham* (*supra*), is against a recovery here. The innocent purchaser of a usurious security, where the purchase is induced by fraud, may enforce the security against an obligor privy to the transaction, to the extent of the money advanced, or he may, on discovery of the fraud, rescind and recover back the money paid, but he cannot, we think, in any form of action, recover more.

This leads to a reversal of the judgment and a new trial.

All concur.

Judgment reversed.