(155 App. Div. 411.)

#### GILBERT v. REAL ESTATE CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   February 21, 1913.)

1. USURY (§ 119*)—CANCELLATION OF INSTRUMENT—NONSUIT.

In an action to cancel as usurious a bond and mortgage executed by plaintiff to her daughter to secure $4,000, and sold to defendant for $3,400, the purpose of its execution and record being to enable plaintiff to sell it, an estoppel certificate protected the purchaser only to the amount of the money advanced on the faith of it, and hence a nonsuit was erroneous where defendant purchased July 17th and the estoppel certificate was not executed until August 16th; the plaintiff being entitled at least to a decision that the bond and mortgage were valid only in the amount of $3,400 and the interest, especially where the evidence showed that defendant purchased knowing that plaintiff was the real owner of the securities.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 343–357; Dec. Dig. § 119.*]

2. APPEAL AND ERROR (§ 497*)—RECORD—GROUND FOR RELIEF.

When a complaint is summarily dismissed without findings, the plaintiff need not state in the record upon what grounds he deems himself entitled to relief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2954; Dec. Dig. § 497.*]

3. APPEAL AND ERROR (§§ 994, 995*)—WEIGHT OF EVIDENCE.

The credibility and force of evidence are solely for the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906, 3907; Dec. Dig. §§ 994, 995.*]

Appeal from Special Term, Kings County.

Action by Annie Gilbert against the Real Estate Company of Brooklyn.   From judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

George G. Reynolds, of New York City, for appellant.
Frank W. Holmes, of Brooklyn, for respondent.

THOMAS, J.   The defendant for $3,400 purchased a bond and mortgage dated May 2, 1911, to secure $4,000 in form made by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

plaintiff to her daughter, Pillion, but the purpose of its execution and record was to enable the plaintiff through her agents to sell the mortgage to some person. Her agent Doremus offered the mortgage to the defendant for $3,400, and it was accepted by an instrument dated July 17, 1911. The plaintiff executed the usual estoppel certificate on August 16, 1911, the day set for closing, which was postponed to August 17, 1911, when the assignment dated August 16th was delivered and recorded. This action is to cancel the bond and mortgage as usurious, and for such other and further relief as may be just.

[1] There was a nonsuit. This was error. The certificate protected the purchaser only to the amount of the money advanced on the faith of it. Miller v. Zeimer, 111 N. Y. 441, 18 N. E. 716. The offer of Doremus was not accepted on the faith of the certificate, as it was not in existence until August 16th.

[2] But it is urged that such relief is not asked by the complaint nor raised on the trial. The prayer for relief includes it, and, when the complaint is summarily dismissed without findings, the plaintiff is not obliged to state in the record upon what grounds he deems himself entitled to relief. As the record is, the plaintiff is plainly entitled to a decision that the bond and mortgage are valid only in the amount of $3,400 and interest. There is also evidence showing prima facie that defendant had notice that the plaintiff, and not her daughter, was the real owner of the securities. The plaintiff testified that Mr. Caldwell, defendant's attorney, was informed by her on August 16th, the day the estoppel certificate was executed and the day previous to the final closing, that she must have $4,000, and that he promised it to her. This indicated in some degree to the attorney that the plaintiff was the real party to the transaction, and this evidence is strengthened by the fact that the $3,400 was applied to discharge liens to the extent of $3,174.85, which showed that the consideration was for the benefit of the mortgagor. Thomas on Mortgages (2d Ed.) § 639, p. 425. Moreover, Mrs. Pillion testified that Mr. Caldwell said to Mr. Purdy, who represented the plaintiff's lawyers, "I understand this is a family affair," and the latter replied, "Yes."

[3] The credibility and force of this evidence as it shall be admitted or denied is entirely for the trial court, but it was sufficient evidence of notice to defendant that it was purchasing securities that had no inception by delivery to the daughter for a bona fide consideration.

The judgment should be reversed and a new trial granted, costs to abide the final award of costs. All concur.