JOSEPH CAVALIERE, an Infant, by NICOLA CAVALIERE, His Guardian ad Litem, Appellant, v. BROOKLYN CITY RAILROAD COMPANY, Respondent.— Judgment and order reversed on the law and new trial granted, with costs to appellant to abide the event. The exception at folio 510 appropriately advised the court of the omission to charge the jury that if the infant, though *non sui juris*, had not done or omitted to do an act which would constitute negligence in a person of years of discretion, an injury due to the negligence of defendant could not be defended upon the negligence of the guardian of the child. (*McGarry* v. *Loomis*, 63 N. Y. 104; *Huerzeler* v. *C. C. T. R. R. Co.*, 139 id. 490, 494.) Rich, Manning, Young and Lazansky, JJ., concur; Kelly, P. J., concurs in result.

NICOLA CAVALIERE, Appellant, v. BROOKLYN CITY RAILROAD COMPANY, Respondent.— Judgment and order reversed on the law, and new trial granted, with costs to appellant to abide the event, on the authority of *Cavaliere* v. *Brooklyn City R. R. Co.* (*ante*, p. 764), decided herewith. Rich, Manning, Young and Lazansky, JJ., concur; Kelly, P. J., concurs in result.

LARS DAHL, Respondent, v. ROBINS DRY DOCK AND REPAIR COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Young, Kapper and Lazansky, JJ.

EXCHANGE MUTUAL INDEMNITY INSURANCE COMPANY, Respondent, v. CENTRAL HUDSON GAS AND ELECTRIC COMPANY, Appellant.— Order denying defendant's motion to dismiss the complaint affirmed, with ten dollars costs and disbursements. Since the question involved is important, and there appears to be some conflict of authority determinative of the precise point as to the Statute of Limitations,* we will, if the appellant so desires, allow the matter to go to the Court of Appeals upon proper application being made for such relief. Kelly, P. J., Manning and Kapper, JJ., concur; Jaycox and Young, JJ., dissent.

RAY FELDMAN, Respondent, v. EMILY CARLSON, Appellant, Impleaded with Others, Defendants.— Judgment modified so as to permit the foreclosure of the mortgage in question to the extent of the amount advanced by plaintiff in its purchase, with interest, and as so modified unanimously affirmed, with costs to the appellant. (See *Schanz* v. *Sotscheck*, 167 App. Div. 202; *Miller* v. *Zeimer*, 111 N. Y. 441.) Present — Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ.

JAMES FITZGERALD, Appellant, v. HARBOR LIGHTERAGE COMPANY, Respondent.— Order granting defendant's motion to dismiss the complaint for lack of jurisdiction, and judgment entered thereon, affirmed, with costs. No opinion. Kelly, P. J., Jaycox, Young and Lazansky, JJ., concur; Kapper, J., dissents.

ALBERT GERSKE, Respondent, v. MILLIE SHACKFORD, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ.

EDNA GIFUNI, Respondent, v. WILLIAM G. MARTENS and Another, Appellants. — Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

---

* See Workmen's Compensation Law of 1914, § 29, as amd. by Laws of 1917, chap. 705; now Workmen's Compensation Law of 1922, § 29, as amd. by Laws of 1924, chap. 499; Code Civ. Proc. § 1902; now Decedent Estate Law, § 130, as added by Laws of 1920, chap. 919.— [REP.